# City of Pittsburgh, Plff. in Err., *v.* Andrew Kalchthaller, Jr.

The second section of the act of March 7, 1846 (P. L. 78), authorizing the councils of the city of Pittsburgh to levy a tax on goods sold in the city, includes sales of meat by butchers in open market, whether in stalls or shops.

The tax imposed by such act cannot be regarded as a second taxation of which the rent paid for the use of the stall is the first.

It is always unsafe to depart from the plain and literal meaning of the words contained in legislative enactments, out of deference to some supposed intent, or absence of intent, which would prevent the application of the words actually used to a given subject.

(Argued October 29, 1886. Decided January 3, 1887.)

October Term, 1886, No. 106 W. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas No. 2 of Allegheny County to review a judgment for plaintiff on a case stated. Reversed.

Action to recover back a tax levied under the act of March 7, 1846, and paid under protest. The court below entered judgment for plaintiff on a case stated, which action defendant assigned as error.

The facts and questions raised appear from the opinion.

*W. C. Moreland* and *Thos. D. Carnahan,* for plaintiff in error.—In Pennsylvania the taxing power is vested absolutely in the legislature, and it is limited in its exercise only by its discretion. It is supremely a legislative not a judicial power. New York & E. R. Co. v. Sabin, 26 Pa. 245; Butler's Appeal, 73 Pa. 451; *Re* Washington Avenue, 69 Pa. 363, 8 Am. Rep. 255; Pittsburg, Ft. W. & C. R. Co. v. Com. 66 Pa. 74, 5 Am. Rep. 344; Pennsylvania R. Co. v. Pittsburgh, 104 Pa. 522.

Whatever power of taxation the legislature possesses it may delegate to a municipal government to be legitimately exercised within its corporate limits. Butler's Appeal, 73 Pa. 451.

The subjects of taxation are unlimited. It extends to every species of property, and to everything which is of value. Pittsburg, Ft. W. & C. R. Co. v. Com. 66 Pa. 74, 5 Am. Rep. 344;

Cooley, Taxn. pp. 14, 15; M'Culloch v. Maryland, 4 Wheat. 429, 4 L. ed. 607.

The power to tax twice is as ample as to tax once. West Chester Gas Co. v. Chester County, 30 Pa. 232.

If it [the case in judgment] even resulted in double taxation, that has never been considered unlawful in this state. On the contrary it is of frequent occurrence. The real and personal property of a corporation may be taxed, although it pays a tax on the stock which purchased it. Pittsburg, Ft. W. & C. R. Co. v. Com. 66 Pa. 77, 5 Am. Rep. 344. See also Lackawanna Iron & Coal Co. v. Luzerne County, 42 Pa. 424–431; Philadelphia Sav. Fund Soc. v. Yard, 9 Pa. 361.

The fact that the city has not heretofore collected this tax is not sufficient to defeat the collection now, if it be a legal tax. Pennsylvania R. Co. v. Pittsburgh, 104 Pa. 522.

This is not an occupation tax, and therefore Banger's Appeal, 109 Pa. 79, 16 W. N. C. 289, does not rule it.

*Whitesell & Sons* and *J. F. Slagle,* for defendant in error.— This tax did not profess to be an occupation tax; and if it were it would not have been collectible, because it was not uniform upon all engaged in that business. Banger's Appeal, 16 W. N. C. 289.

The intent of the act of March 7, 1846, was to reach property of merchants in their trade. This view is enforced by the fact that at the same session of the legislature another act was passed imposing a state tax upon all dealers in goods, wares, and merchandise. Under this latter act it has been held that a butcher who slaughters cattle, prepares the meat for sale, and sells it at his slaughter house, at the public market, and in a room of his own dwelling is not liable to a tax under it. Com. v. Dinkelberg, 2 Chester Co. Rep. 384.

In order to justify a double taxation the legislative intent must be clear. Burr. Tax. 57, 178; New York & E. R. Co. v. Sabin, 26 Pa. 245.

OPINION BY MR. JUSTICE GREEN:

The second section of the act of March 7, 1846 (P. L. 78), is in the following words: "The councils of the city of Pittsburg shall be and they are hereby authorized to levy and assess upon all goods, wares, and merchandise, and upon all the articles of

trade and commerce sold in the said city, including sales at auction or otherwise, an annual tax, not exceeding five mills on the dollar, for the use of said city, to be levied and collected from the vendors of said articles in the same manner as other city taxes."

The plaintiff in this action is a butcher, who slaughters his own cattle and sells the fresh meat derived therefrom at a stall in the Diamond Market in the city, for the use of which stall he pays an annual rental to the city. A tax, under the authority of the above law, having been assessed upon the annual sales made by the plaintiff for the years 1884 and 1885, he paid the same under protest, and brought this action to recover back the money paid, upon the theory that he was not subject to the tax. The learned court below was of opinion that the tax was not lawfully assessed, and gave judgment for its recovery. The ground of the decision is that sales by butchers, in open market, were not intended to be included within the language of the act. We find ourselves unable to agree with this construction. In point of fact the literal words of the act do include sales by butchers of fresh meat. This meaning is conceded in a general sense in the opinion of the court, but it is thought upon other considerations that such a meaning should not be given in this class of cases.

We think it is always unsafe to depart from the plain and literal meaning of the words contained in legislative enactments, out of deference to some supposed intent or absence of intent which would prevent the application of the words actually used to a given subject. Such a practice is really substituting the theories of a court, which may and often do vary with the personality of the individuals who compose it, in place of the express words of the law as enacted by the law-making power. It is a practice to be avoided and not followed. It has been condemned by many text writers and by many courts. Occasionally it has been departed from, but the path is a devious and dangerous one, which ought never to be trodden except upon considerations of the most convincing character and the greatest moment.

In the present case it must be conceded that butchers' meat is within the strictest meaning of the word "merchandise," and it is unquestionably an "article of trade and commerce." In a city as large as Pittsburgh, the daily transactions in this article must be of very considerable extent. It is a commodity of prime ne-

cessity and of universal use. No general statistics of the traffic have been furnished to us, but when it is known that the sales of this one butcher, at one stall only, are at least $5,000 annually, it is safe to say that the yearly aggregate of all the sales within the city limits must amount to a large and important sum.

Why, then, should not the sales of this class of merchandise be subject to the same burden of taxation as the sales of other kinds of merchandise? Why should not butchers pay taxes upon the business done by them in the same manner as other dealers must pay taxes upon the business done by them? We fail to discover any adequate reason. The fact that the sales are made at a stall rented from the city does not impress us as being of any force to change the meaning of the act. The stall is a place of business for which a very moderate rental is paid; and in that circumstance should rather be found a reason for applying, instead of withholding, the operation of the act.

It is not possible, in our judgment, to regard the tax imposed by the act as a second taxation of which the rent paid for the use of the stall is the first. The rent is not a tax in any sense of that word, and hence the argument to prove double taxation in this mode is without force. We find but a single judicial construction of the act in question in our books of reports. It is in the case of Shriver v. Pittsburg, 66 Pa. 446; and we there held, with a very liberal construction in favor of the city's right of taxation, that it included sales made out of the city and out of the state by the agents of a merchant who did business in the city.

We see no reason for confining the taxation under this act to the stocks of goods, wares, and merchandise held by merchants, as suggested in the argument of the learned counsel for the defendant in error. There is no warrant in the words of the act for so limited a construction as this. Nor would it be just to put upon the class of dealers known only as merchants the whole burden of this tax. It would not be uniform taxation upon the same class of subjects, as is now required by the organic law of the commonwealth.

It seems to us that, upon every view of the case, butchers selling meat, whether in stalls or shops, within the city limits, are subject to the operation of the act and required to bear their share of the taxation which it imposes upon all alike who sell goods, wares, and merchandise, or articles of trade and commerce.

The cases cited by counsel from the Chester county reports are not in point. They relate to a different act which imposes a mercantile tax upon dealers in goods, wares, and merchandise, who keep stores or warehouses for vending the same. But the act we are considering simply imposes a tax upon sales without any reference to the question whether the sellers are dealers or merchants. It is the sales alone that give rise to the tax, and these are the same no matter by whom made, so far as their liability to taxation is concerned.

Judgment reversed and judgment now entered in favor of the city of Pittsburgh, on the case stated, with costs.