72    3
74   306

THE STATE vs. SASSE.

*April 23 — May 12, 1888.*

CRIMINAL LAW AND PRACTICE. *(1) Change of venue. (2) View: Waiver of right to be present.*

1. " The next term succeeding that at which the accused shall have been arraigned," in sec. 4680, R. S., means the next term after the arraignment at which the petition for a change of venue might properly be presented to the court. Thus, where the accused was tried and convicted at the term at which he was arraigned, and the cause was pending in this court on writ of error during the succeeding three terms of the trial court, and was remanded during the fourth term thereof, such fourth term was the " next term," within the meaning of the clause above quoted. *State v. Rowan*, 35 Wis. 303, distinguished.

2. Where, on a trial for murder, the accused expressly waives his right to be present at a view of the premises where the murder is alleged to have been committed, the view may be had in his absence.

REPORTED from the Circuit Court for *Fond du Lac* County.

At the September term, 1885, of the circuit court of the county of Dodge, the defendant, *William Sasse*, was informed against, arraigned, tried, and convicted of the crime of murder in the first degree, and sentenced to imprisonment in the state prison for life. The case was brought to this court by writ of error, and at the January term, 1887, the judgment therein was reversed for error, and the cause remanded for a new trial. [See 68 Wis. 530.] The *remittitur* was filed in the circuit court during the February term thereof, 1887; that being the fourth term after the arraignment of the accused. During the same term the defendant filed his petition or affidavit, stating that " he has reason to believe and does believe he cannot have a fair trial of such action on account of the prejudice of the judge, Hon. A. Scott Sloan." The petition does not comply with the requirements of R. S. sec. 4680, which provides that "such change shall not be awarded after the next term succeeding that at which the accused shall have been arraigned, unless such petition states facts showing the existence of prejudice on the part of the judge, unknown to the petitioner at any term of the court prior to the making and filing of such petition." On such affidavit or petition the court made an order changing the place of trial to Fond du Lac county, and the defendant was afterwards tried in the circuit court of that county, and again convicted.

On the trial, on motion of defendant, the court ordered that the jury view the premises where the murder is alleged to have been committed. The view was had in the absence of defendant, who expressly waived his right to be present thereat. The defendant moved for a new trial, for the reason, among others, that it was error to allow the jury to make the view in the absence of defendant. The motion was denied, and thereupon the defendant moved in arrest

of judgment for the alleged reason that the circuit court of Fond du Lac county failed to obtain jurisdiction of the case because of non-compliance with the requirements of sec. 4680 in the petition to change the place of trial. The court thereupon certified the case to this court pursuant to R. S. sec. 4721, for answers to the following questions of law: (1) Did the trial court acquire jurisdiction to try the cause? (2) Should the motion in arrest of judgment be overruled? (3) Did the court err in accepting the waiver of defendant, and allowing the view without his presence? Only the substance of the questions submitted is here stated.

The cause was submitted for the plaintiff on the brief of *L. K. Luse,* Assistant Attorney General, and for the defendant on that of *George W. Sloan.*

LYON, J. 1. The first question submitted calls for a construction of sec. 4680, R. S. The defendant was originally tried in the Dodge county circuit court at the same term at which he was arraigned; and the petition for a change of venue, although not interposed at the next term of that court, was interposed at the next term thereafter at which a hearing thereof could have been had. During the time intermediate the arraignment and the interposition of the petition for a change of the place of trial, the cause was pending in this court, and such petition could not have been entertained at any intermediate term.

The question is whether " the next term succeeding that at which the accused shall have been arraigned," means the next term of the trial court appointed by law, without regard to the condition and situation of the case, or does it mean the next term after the arraignment at which the petition might properly be presented to the court. After due consideration, we have concluded that we ought to give the statute the latter construction. It seems to us that the purpose of the legislature was to give a person accused of crime the right to a change of the place of trial at any time

during two terms of the court, on presentation, during either of those terms, of the general affidavit of prejudice common alike to civil and criminal actions. This right can only be secured to the accused by giving the statute the construction above indicated. The construction is therefore really in the interest of the accused, and is an application of the rule that criminal or penal statutes must be construed strictly, in favor of persons charged with violating them. Had the circuit court of Dodge county refused to change the place of trial on the petition presented to it, the refusal would have been error. We hold, therefore, in this case, that the general affidavit of prejudice made at the February term, 1887, of the Dodge county circuit court, was sufficient to authorize a change of the place of trial, and to confer jurisdiction of the case upon the circuit court of Fond du Lac county.

In *State v. Rowan*, 35 Wis. 303, it was held that the application for a change of the place of trial was insufficient, because of non-compliance with sec. 4680, and hence that the court to which the cause was sent obtained no jurisdiction thereof. In that case the defendant was arraigned at one term, and tried at the next term, without interposing any petition for a change of the place of trial. Such petition was presented at a later term and after the cause had been before this court. It is perfectly clear that that case came within the provisions of sec. 4680. Hence it was held that the court to which the cause had been sent obtained no jurisdiction thereof because of the defect in the petition. There is some language in the opinion in that case suggesting a different construction of the statute than that here given. But what was there said upon that subject was quite unnecessary to the decision of the case, and we all now agree that the construction there suggested is not the correct one. We therefore answer the first and second questions in the affirmative.

2. It is clear that the waiver by the defendant of his right

to be present at the view is effectual, and that the court did not err in allowing the view to be had in his absence. Hence the third question must be answered in the negative.

*By the Court.*— Let the foregoing answers to the questions of law submitted to this court be certified to the circuit court, to the end that the court may proceed to judgment in the case.