## WHEN TRANSCRIPT MUST BE FILED ON APPEAL FROM PROBATE COURT.

Circuit Court of Cuyahoga County.

ANNIE J. M. ROBINSON, EXECUTRIX OF THE ESTATE OF WM. ROBINSON, v. BERTINE ROBINSON PALMER.

Decided, June, 1902.

*Appeal from Probate Court—Time Within Which Transcript Must be Filed.*

Under the provisions of Section 6409, Revised Statutes, where an appeal is taken from the decision of a probate judge, the transcript of the docket or journal entries and of the order, decree or decision appealed from, must be filed with the clerk of the common pleas court on or before the second day of the term of that court next after the undertaking or notice of appeal is given, and not of the term of court next after the expiration of twenty days allowed for perfecting the appeal.

*W. C. Rogers,* for plaintiff in error.
*A. W. Mayers* and *B. Pearce,* contra.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

This is a proceeding in error to the court of common pleas of this county. The plaintiff in error, as executrix, filed her final account in the probate court of this county on the 15th day of October, 1901. On the first day of November following, the defendant in error, who was interested in the estate, being a daughter of the testator, filed exceptions to such account. On the 21st of December following the court passed upon such exceptions, gave notice upon the account, and on the same day the executrix gave notice of appeal to the court of common pleas. On the 28th day of December, 1901, said executrix filed her bond for the appeal. The transcript from the probate court is dated on the 6th day of January, 1902, and was filed in the appellate court on the 10th day of January, 1902.

The January term of the court of common pleas for 1902 opened on the 6th day of January, 1902. It will be observed that

this is the same day as the date of the transcript from the probate court. The appeal was dismissed by the court of common pleas for want of jurisdiction, the court holding that the transcript from the probate court was not filed within the time provided by law. This proceeding is prosecuted to reverse such order of dismissal.

Section 6408 of the Revised Statutes, which provides for appeals from the probate court to the court of common pleas, is as follows:

"The person desiring to take an appeal * * * shall, within twenty days after making of the order, decision, or decree from which he desires to appeal, give written undertaking," etc.

Section 6409 provides that:

"The probate judge shall, upon the giving of the undertaking, or notice, as aforesaid, make out an authenticated transcript of the docket or journal entries, and of the order, decision or decree appealed from, which shall be filed with the clerk of the court of common pleas on or before the second day of the term of said court next after an undertaking or notice is given."

It will be observed in this case that the transcript was not filed until the 5th day of the term of the court of common pleas beginning next after the giving of the appeal bond. But it is said on the part of the plaintiff in error that, since she had, under the statute, twenty days from the time of the decision of the court in which to file her bond, what must be meant by the language found in Section 6409, "on or before the second day of the term of said court, next after an undertaking or notice is given," is, that such transcript must be filed on or before the second day of the term of the court of common pleas *next after* the expiration of the twenty days allowed for the giving of the bond for such appeal.

Plaintiff in error urges that the language of a statute does not necessarily control its construction, but that the real intention of the Legislature must be arrived at, even though to arrive at such intention the statute be not literally construed; and numerous authorities are cited in support of this proposition, and

such is, without doubt, the law. This rule is well expressed by Blackstone in the first volume of his Commentaries, at marginal page 59, in which he says:

"The fairest and most rational method to interpret the will of the legislator is by exploring his intentions at the time when the law was made, by *signs* the most natural and probable. And these signs are either the words, the context, the subject-matter, the effect and consequence of the spirit and reason of the law. * * * Words are generally to be understood to be in their usual and most known signification; not so much regarding the propriety of grammar, as their general and popular use. * * * If words happen to be still dubious, we may establish their meaning from the context, with which it may be of singular use to compare a word or a sentence whenever they are ambiguous, equivocal, or intricate. * * * As to the subject-matter, words are always to be understood as having a regard thereto. * * * As to the effects and consequence, the rule is, that where there are words bearing either none, or a very absurd signification, if literally understood, we must, a little, deviate from the received sense of them. * * * But, lastly, the most universal and effectual way of discovering the true meaning of a law, when the words are dubious, is by considering the reason and spirit of it, or the cause which moved the Legislature to enact it."

It is urged, here, that to give the words of the statute requiring the transcript to be filed as early as the second day of the next term of the court of common pleas, when twenty days are allowed for the giving of the undertaking, is likely to result in absurd consequences.

To quote from the brief of the plaintiff in error:

"Certainly it would seem to be absurd and not contemplated by the Legislature, that a probate court may make a decision on a Saturday afternoon and because the party is prompt in filing a bond the same day that he should be required at his peril to file a transcript on the following Tuesday when he is unable to get the transcript from the probate court."

And in support of this claim we are cited to the case of *Lower* v. *Fischer,* 19 C. C., 627, a case decided by this court. There the statute considered, Section 6588, Revised Statutes, provides in express terms, that in an appeal from a judgment

of a justice of the peace to the court of common pleas the appellant may have thirty days from the rendition of the judgment in which to file his transcript and other papers with the clerk of said last named court; and it further provides that in case the appellant shall not file such transcript and papers within the time prescribed, the appellee may, at the term of said court *next after* the expiration of said thirty days, file a transcript. It will be seen that this statute is wholly different from the one under consideration in the present case and, in our judgment, the case last cited has no bearing upon the case at bar.

Our attention is called also to the case entitled *In re Talon's Application*, 25 W. N. C., 554. This was decided by the court of Quarter Sessions of Beaver County, Pennsylvania, and was upon the construction of a statute passed on the 14th day of February, 1889, relating to the election of constables. The language to be construed reads:

"That the qualified voters of every borough and township * * * in the commonwealth of Pennsylvania, shall on the third Tuesday of February next * * * vote for and elect a properly qualified person for constable in each of said districts, who shall serve three years."

From the report of the case it appears that the third Tuesday of February, 1889, was the 19th day of February, and the question was, whether an election for constable, under this statute, was to held on *that* 19th day of February, which was the *next* third Tuesday of February after the passage of the act. The question was, then, whether under the act an election for constable was to be held on the third Tuesday of the next February after the passage of the act, or on the *next third Tuesday* of February after the passage of the act. The court held that the intention of the Legislature was that the election should be held on the third Tuesday of the next February after the passage of the act, and uses this language in the opinion:

"With all deference to the views of those who hold different opinions, I think that the natural and obvious meaning of the words, 'third Tuesday of February next,' is the same as that conveyed by the expression, *third Tuesday of next February*. This is the view that would be taken by almost any intelligent

layman at once and I am pursuaded is the view that almost any lawyer would adopt if he confined himself to the plain popular meaning of the words before him.''

In the same opinion *this* language is used:

''Statutes are to be read according to the natural and obvious import of their language. If the courts should give to phrases new, unusual force or strained interpretations; if they could insert a word here, or strike out a word there, all idea of conforming to the legislative intent would be lost.''

In *City of Pittsburgh* v. *Kalchataler*, 114 Pa., 547, quoted in the opinion last named, this language is used:

''We think it always unsafe to depart from the plain and literal meaning of the words contained in legislative enactments, out of some supposed intent.''

The case of *State* v. *Sasse*, 72 Wis., 3, cited in the brief of counsel for plaintiff in error, required a construction of Section 4680, Revised Statutes, of the state of Wisconsin. In that case the statute was so worded as that it might, without doing violence to the language used, be construed in two different ways, and so was unlike the statute being considered in this case. In *this* case there is nothing ambiguous in the words of the statute. The provision distinctly is, that the transcript shall be filed on or before the second day of the term of said court next after an undertaking or notice is given.

We fail to see that literal construction of these words can result in any absurdity.

Twenty days are allowed for the filing of the bond for appeal. The appellant may take all or such part of this time as he may desire in which to file such bond. In the present case the appellant chose to file the bond at the end of seven days from the making of the order by the probate court, and so made it necessary, if the statute was to be complied with, to file the transcript within a week thereafter. Had she chosen to do so, she might have waited until the opening of the January term before filing her bond and then she would have had until the second day of the next term after that in which to file her transcript.

To make this section mean what is claimed for it on the part of the plaintiff in error would require the introduction of words entirely changing the plain and clear language of the statute as it is. We see no reason for making such change. The language of the statute is not ambiguous. We find nothing in the context, the subject-matter, the effects and consequence, or the reason and spirit, of the statute, to require a construction other than such as is in accord with the clear and plain reading of the section, and we affirm the judgment of the court of common pleas. Since the foregoing opinion was prepared we find the same question decided the same way by the circuit court of the seventh circuit; opinion by Judge Cook, 47 Bulletin, 389.

---

## AS TO AVOIDANCE OF JUDGMENT FOR LACK OF SERVICE OF SUMMONS.