# Peoples Savings Bank *v.* Monongahela River Consolidated Coal & Coke Company, Appellant.

*Taxation—Bonds—Corporations—Banks—Act of July 15, 1897, P. L. 292.*
Under the Act of July 15, 1897, P. L. 292, a savings bank which pays a tax upon its capital stock is exempt from taxation upon bonds of a corporation owned by it.

Argued April 25, 1905. Appeal, No. 216, April T., 1905, by defendant, from order of C. P. No. 3, Allegheny Co., Aug. T., 1904, No. 161, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Peoples Savings Bank v. The Monongahela River Consolidated Coal & Coke

154 SAVINGS BK. *v.* COAL & COKE CO., Appellant.

Company.   Before RICE, P. J., BEAVER, ORLADY, PORTER,
MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit on coupons of corporate bonds.

The affidavit of defense averred that the bonds were subject
to the four mill state tax, and that it was its duty to retain and
pay into the state treasury the amount of the tax out of the sum
due on the coupons.

The court made absolute a rule for judgment for want of
a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Harry A. Jones,* of *McIlvain, Murphy & Jones,* for appel-
lant, cited : Wilkes-Barre Deposit & Savings Bank v. Wilkes-
Barre, 148 Pa. 601.

*M. W. Acheson, Jr.,* of *Patterson, Sterrett & Acheson,* for
appellee, cited : Com. v. R. R. Co., 150 Pa. 312 ; Fidelity In-
surance, etc., Co. v. Loughlin, 139 Pa. 612.

OPINION BY HENDERSON, J., October 9, 1905 :

It is clear that prior to the passage of the Act of July 15,
1897, P. L. 292, both the capital stock of a savings bank and
bonds of a corporation, owned by the bank, were subject to
state taxation.   This was shown by Wilkes-Barre Deposit &
Savings Bank v. City of Wilkes-Barre, 148 Pa. 601.

That case was based upon the act of 1885, supplemented by
the act of 1889.   The distinction was pointed out between the
capital stock of the corporation and its shares of stock ; the
former representing the property of the company, and the lat-
ter the interest of the holder thereof in the corporation.   It fol-
lowed from this distinction that there was a like distinction
between that part of the capital of the bank invested in in-
terest bearing bonds and the shares of stock, and the validity
of the taxation of each was sustained.   Emphasis was placed
in that decision, however, upon the language of the act of 1889,
giving exemption from " local taxation."

The act of 1885 granted exemption from all other taxation
under the laws of the commonwealth.   The addition of the

word " local " in the act of 1889, makes it evident that the intention was to limit the exemption to taxation for local purposes.

The last proviso of the first section of the act of 1897 not only exempts the institution from local taxation, upon compliance with the requirements of the act, but relieves it from the obligation to make a report of its personal property to the local assessors, or county commissioners, for the purpose of taxation, and expressly declares that it shall not be required to pay any taxes thereon.    The first section of the act deals wholly with the subject of the tax of four mills upon the personal property of the bank, and plainly exempts such property from other taxation when the tax is paid as provided therein. It is conceded that mortgages given by individuals to the bank are not subject to taxation, and it was the apparent purpose of the legislature to place all mortgages owned by such institutions in the same class.

The provision of the act of 1889, for the retention and payment of the tax by the corporation to the state, relates to the collection merely and does not impose the tax.    There is but one tax with two methods of collection.    The tax is actually paid by the holder, whether the obligation is that of a corporation or an individual, and the retention of the four mills by the company issuing the obligation is not payment of the tax by that company.    It acts merely on behalf of the commonwealth in making the collection, the burden falling on the owner of the securities.    In Fox's Appeal, 112 Pa., 337, the power of the legislature to impose double taxation was recognized. It was held, however, that the exercise of such power was not to be presumed in the absence of a clear intent.    We are of the opinion that the conclusion of the court below is the correct one under the statutes.

The judgment is affirmed.