# Commonwealth v. Clairton Steel Company, Appellant.

*Corporations — Bonds — State banks or savings institutions—Exemption from taxation—Acts of June 8, 1891, P. L. 229, June 30, 1885, P. L. 193, and July 15, 1897, P. L. 292.*

A corporation, certain of whose bonds are held by a state savings bank, is itself liable for the four mills tax thereon imposed by the Act of June 8, 1891, P. L. 229, where it, the corporation, does not comply with the Act of June 30, 1885, P. L. 193, requiring the treasurer of the corporation issuing loans to deduct the tax from the interest payable thereon, and the bank fails to make payment of its capital stock tax within the time required by the Act of July 15, 1897, P. L. 292, to gain exemption from taxation on bonds owned by the bank in its own right, although such payment is made a few days thereafter, and the corporation does not know that the bank has failed to secure the exemption.

Argued May 23, 1910.  Appeal, No. 1, May T., 1910, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1908, No. 205, for plaintiff in case of Commonwealth v. Clairton Steel Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Settlement of an account by the auditor general and state treasurer for taxes.

The facts appear in the following opinion of KUNKEL, P. J.:

This is an appeal from the settlement of an account by the auditor general and state treasurer against the defendant company for tax on its corporate loans for the year 1905.  It was tried by the court without the intervention of a jury by agreement of counsel as provided by the act of April 22, 1874.

The facts, which are not in dispute, we find to be as follows:

### FACTS.

1. The defendant company is a corporation of the state of Pennsylvania. In the year 1905, it made its report of bonded indebtedness to the auditor general, setting forth therein bonds held by residents of Pennsylvania, nonresidents and corporations. On March 25, 1906, the auditor general and state treasurer setted an account against it for tax of four mills upon $2,760,833 of indebtedness, which, after deducting certain commissions to the defendant's treasurer, amounted to $10,933.12. The defendant paid $4,400 on account, and duly appealed from the balance of the tax claimed.

2. The Union Savings Bank is a state bank or savings institution, subject to the provisions of the Act of July 15, 1897, P. L. 292, the first section of which, after providing for the taxation of capital stock or shares of stock of such banks, contains in this proviso:

"And provided further that in case any bank or savings institution having capital stock, incorporated under the law of this state or of the United States, shall collect annually, from the shareholders thereof said tax of four mills on the dollar upon the actual value of all the shares of stock of said bank or savings institution according to the rule hereinbefore stated that have been subscribed for or issued, and pay the same into the state treasury on or before the first day of March in each year, the shares and so much of the capital and profits of such bank or savings institution as shall not be invested in real estate, shall be exempt from local taxation under the laws of this commonwealth; and such bank or savings institution shall not be required to make any report to the local assessor or county commissioners of its personal property owned by it in its own right for purposes of taxation, and shall not be required to pay any tax thereon."

3. On March 2, 1905, the bank forwarded a report to the auditor general, showing the value of its capital stock, or shares, as ascertained in the method directed by the act of 1897, and at the same time gave notice

that it had elected to pay the tax of four mills on such valuation. Its report was received by the auditor general on the day following. Upon this valuation the tax was assessed by the auditor general, and the settlement therefor was mailed to the bank and received by it on March 4, 1905. On the same day the bank sent its check for the amount of tax which was turned into the state treasury on March 6, 1905.

4. The Union Savings Bank held and owned in its own right in 1905 $1,261,000 of bonds of the defendant company. Assuming that the bank had paid its capital stock tax in time to obtain the exemption granted by the proviso above quoted, the defendant company paid to the bank the interest in full upon the bonds, making no deduction for any loan tax from the interest. The fact that the bank had not forwarded its capital stock tax before March 4, 1905, was not known to the defendant company until after this appeal had been taken and the interest on the bonds in question had been paid in full.

5. It was agreed by the parties that the only question in controversy is that of the taxability of the $1,261,000 of bonds issued by the defendant company and held and owned in 1905 by the Union Savings Bank, and that if the court should find that the defendant company is taxable in respect to these bonds, judgment should be entered against the defendant and in favor of the commonwealth for $5,133.17, but, if not, then for $104.39, only.

### DISCUSSION.

The Act of June 8, 1891, P. L. 229, imposes a tax of four mills on all corporate loans, and the fourth section of the Act of June 30, 1885, P. L. 193, requires the treasurer of the corporation issuing the loans to deduct the tax from the interest payable thereon. Upon failure or neglect to do so, the corporation itself is liable for the tax: Com. v. Delaware Div. Canal Co., 123 Pa. 594; Com. v. Railway Co., 162 Pa. 614. The defendant company,

therefore, was bound to deduct from the interest which it paid on its bonds held by the Union Savings Bank of Pittsburg the tax of four mills on such bonds, unless the bonds were exempt from taxation by the provisions of the Act of July 15, 1897, P. L. 292. By that act exemption from taxation on its bonds owned by it in its own right is given to a state bank or savings institution which shall pay into the state treasury on or before March 1 in each year the tax imposed therein upon the shares of its capital stock: Com. v. Clairton Steel Co., 222 Pa. 293. The language of the proviso granting the exemption as to the time when the stock tax shall be paid is without ambiguity, and, therefore, is not open to construction. The exemption is conditioned upon the payment of the tax on or before March 1, in each year. As we have found, the Union Savings Bank did not comply with this condition. It did not pay the tax on the shares of its stock, or even elect to pay it, until after the statutory time. It was not entitled, therefore, to the exemption, and the bonds of the defendant company held by it remained subject to the loan tax imposed by the act of 1891, and it was the duty of the treasurer of the defendant company to assess the tax and deduct it from the interest which was paid on them. As this was not done, the defendant company became liable for such tax. It is true that the bank paid its stock tax within a few days after the limit of time fixed by the act, and that the defendant company did not know that the bank had failed to secure the exemption from the tax on the bonds. Inquiry on the part of the defendant company, however, would certainly have disclosed that fact. Be that as it may, we are not at liberty to disregard the time fixed by the act of 1897, on or before which the stock tax must be paid in order to obtain exemption, and thus to relieve the defendant company from its liability in the present instance.

We, therefore, conclude:

1. That the $1,261,000 of bonds of the defendant

company held and owned in its own right by the Union Savings Bank of Pittsburg in the year 1905, were not exempt from the four mills tax imposed by the Act of June 8, 1891, P. L. 229.

2. That the defendant company, having neglected to deduct the tax for that year from the interest which it paid upon such bonds, is liable for the same.

3. That the commonwealth is entitled to judgment against the defendant company for the said loan tax.

Therefore, in accordance with the stipulation of the parties, judgment is directed to be entered in favor of the commonwealth and against the defendant for the sum of $5,133.17, if exceptions be not filed within the time limited by law.

*Error assigned* was judgment of the lower court.

*W. S. Snyder*, with him *M. E. Olmsted* and *A. C. Stamm*, for appellant.—There was a waiver of the time limit: Baranowski v. Aid Society, 3 Pa. Superior Ct. 367; Anspach v. Heft, 57 Pa. 326.

There are numerous decisions of this court holding that state officials, by their actions, or by their failure to act, may waive rights which the commonwealth otherwise would have: Ash's Est., 202 Pa. 422; Com. v. Turnpike Co., 153 Pa. 47; Com. v. Hulings, 129 Pa. 317; Com. v. Ry. Co., 74 Pa. 83; Phila. v. Ry. Co., 142 Pa. 484; Wright v. Village of Portland, 118 Michigan, 23 (76 N. W. Repr. 141); Kriseler v. Le Valley, 122 Mich. 576 (81 N. W. Repr. 580); Sheel v. City of Appleton, 49 Wis. 125 (5 N. W. Repr. 27).

*William M. Hargest*, assistant deputy attorney general, with him *J. E. B. Cunningham*, deputy attorney general, and *M. Hampton Todd*, attorney general, for appellee.— The Act of June 30, 1885, P. L. 193, imposes the duty upon its treasurer to deduct the tax upon loans from the interest payable thereon, and upon the failure or neglect

of its treasurer to make such deduction the corporation itself is liable for the tax: Com. v. Delaware Div. Canal Co., 123 Pa. 594; Com. v. Ry. Co., 162 Pa. 614.

Answering the suggestion that the steel company had every reason to believe that the Union Savings Bank had so paid the tax, it is enough to say it had no reason to have any belief upon the subject. The Union Savings Bank may have taken the full time if it chose, or it may have elected to pay the ten mills on the par value instead of four mills on the actual value of its shares, and in that case it would not have been entitled to the exemption: Com. v. Clairton Steel Co., 222 Pa. 293.

To maintain a waiver by a state officer some legislative power to waive must be shown: Easton Bank v. Com., 10 Pa. 442; Clark v. Des Moines, 19 Iowa, 199.

If an exemption exists it must be the result of a deliberate intention to relinquish this prerogative of sovereignty distinctly manifested: Easton Bank v. Com., 10 Pa. 442; New York & Erie R. R. v. Sabin, 26 Pa. 242; Crawford v. Burrell Twp., 53 Pa. 219; Adams v. R. R. Co., 60 L. R. A. 33; Luce v. Cook, 227 Pa. 224.

PER CURIAM, July 1, 1910:

The judgment is affirmed on the opinion of the learned president judge of the common pleas of Dauphin county.