## Tax Exemptions.

*Taxation — Exemptions — When companies entitled to exemption under Acts of June 13, 1907, and July 11, 1923—Capital stock—Investment in real estate—Title insurance and trust companies.*

1. Corporations made subject to the tax imposed by the Act of June 13, 1907, P. L. 640, as amended by the Act of July 11, 1923, P. L. 1071, are entitled to the exemption provided in the Act of 1923, if, within sixty days after the date of the settlement of the tax by the Auditor General, they pay the amount thereof to the State Treasurer from their general fund or collect the same from their shareholders and pay the amount thereof over to the State Treasurer.

2. Such tax being an annual tax based upon the actual value of the shares of stock as of Dec. 31st of each year, the exemption allowed by reason of the payment of the tax within the time prescribed for any particular year applies solely to that year for which the tax is paid.

Department of Justice. Opinion to Hon. Samuel S. Lewis, Auditor General.

JOHN ROBERT JONES, Dep. Atty.-Gen., Feb. 17, 1925.—The question asked in your letter of Dec. 5, 1924, and its supplement dated Jan. 13, 1925, is whether or not, under the provisions of the Act of July 11, 1923, P. L. 1071, amending the Act of June 13, 1907, P. L. 640, it is mandatory that the tax imposed thereby be paid within sixty days after the date of settlement by the Auditor General, in order that, as provided in said act, ". . . the shares, and so much of the capital stock, surplus, profits and deposits of such company as shall not be invested in real estate, shall be exempt from all other taxation under the laws of this Commonwealth."

In an opinion rendered to you under date of July 22, 1924, upon the question of whether or not companies which are made subject to the tax imposed under and by the provisions of the said Act of June 13, 1907, P. L. 640, as amended by the said Act of July 11, 1923, P. L. 1071, are included within the term "corporation" as such term is used in the Act of June 28, 1923, P. L. 876, and are subject to the tax imposed under and by the provisions of the said latter act, I considered the changes in the said Act of June 13, 1907, P. L. 640, resulting from the said Amending Act of July 11, 1923, P. L. 1071. I therein called attention, *inter alia*, to the following changes:

"5. Changing the period of time after the date of the settlement within which it became the duty of the company to pay the amount of the tax to the State Treasurer from its general fund or to collect the same from its share-

holders and pay it over to the State Treasurer, from forty days to sixty days.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"8. Striking out of the last proviso of the said Act of 1907 certain portions thereof, and adding new language thereto, the effect of which is, if the payment of the tax be made within a period of sixty days after the date of settlement, to allow the same exemption as was allowed in the said Act of 1907, when the payment of the tax was made on or before the first day of March in each year."

It is expressly provided in the latter act as follows: ". . . After the Auditor General shall have fixed the value of the shares of stock in any such company by the method hereinbefore provided and settled an account according to law, he shall thereupon transmit to the president, secretary or treasurer of such company a copy of such settlement, showing the valuation and assessment so made by him and the amount of tax due the Commonwealth on all such shares. . . . *It shall be the duty of every such company, within a period of sixty days after the date of such settlement by the Auditor General, at its option, to pay the amount of said tax to the State Treasurer from its general fund or collect the same from its shareholders and pay over to the State Treasurer:* Provided. . . . . Provided further. . . . . And provided further, That in case any such company shall collect annually from the shareholders thereof, or from the general fund of said company, said tax of five mills on the dollar upon the value of all the shares of stock of said company—the value of each share of stock to be ascertained and fixed as hereinbefore provided— *and pay said tax into the State Treasury, as hereinbefore provided,* the shares and so much of the capital stock, surplus, profits and deposits of such company as shall not be invested in real estate shall be exempt from all other taxation under the laws of this Commonwealth."

I think the intent of the legislature is clearly expressed. I find no ambiguity in the language. In the case of Haddock v. Com., 103 Pa. 243, 249, it was said: ". . . It is to be assumed that the legislature meant just what in the language of this act is clearly expressed. The first and cardinal rule for construction of statutes is, that when the intent of the legislature is plainly expressed it must prevail, that when the language of a statute is clear and unequivocal, without ambiguity or uncertainty, we are to presume that it expresses the intent of the legislature, and no construction is necessary. . . ." See, also, City of Pittsburgh v. Kalchthaler, 114 Pa. 547, 552.

In the case of Com. v. Clairton Steel Co., 229 Pa. 246, the question before the court was the determination of the time within which banks or savings institutions having capital stock are required to make payment of the tax imposed by the Act of July 15, 1897, P. L. 292, in order to gain the exemption from taxation allowed by the said act of assembly. The court below, whose judgment was affirmed, said, on page 249: ". . . By that act (Act of July 15, 1897, P. L. 292) exemption from taxation on its bonds owned by it in its own right is given to a State bank or savings institution which shall pay into the State Treasury, on or before March 1st in each year, the tax imposed therein upon the shares of its capital stock: Com. v. Clairton Steel Co., 222 Pa. 293. The language of the proviso granting the exemption as to the time when the stock tax shall be paid is without ambiguity, and, therefore, is not open to construction. The exemption is conditioned upon the payment of the tax on or before March 1st in each year. As we have found, the Union Savings Bank did not comply with this condition. It did not pay the tax on the shares of its stock, or even elect to pay it, until after the statutory time. It was not entitled, therefore, to the exemption. . . . We are not at liberty to disregard the

time fixed by the Act of 1897, on or before which the stock tax must be paid in order to obtain exemption and thus to relieve the defendant company from its liability in the present instance."

Though there were doubt upon the subject, it would have to be resolved in favor of the Commonwealth, as was said in the case of Com. *v.* Lowry-Rodgers Co., 279 Pa. 361, 366: ". . . Under the rule that language which relieves from taxation must be strictly construed: Academy of Fine Arts *v.* Philadelphia County, 22 Pa. 496; Com. *v.* Lackawanna Iron and Coal Co., 129 Pa. 346, 356; Callery's Appeal, 272 Pa. 255, 272."

I am, therefore, of the opinion that, in order that companies made subject to the tax imposed by the Act of July 11, 1923, P. L. 1071, may be entitled to the benefit of the exemption provided in such act, such companies must, within sixty days after the date of the settlement of the tax by the Auditor General, pay the amount thereof to the State Treasurer from their general fund or collect the same from their shareholders and pay the amount thereof over to the State Treasurer.

I am also of the opinion that the tax, being an annual tax based upon the actual value of the shares of stock as of December 31st of each year, the exemption allowed by reason of the payment of the tax within the prescribed time for any particular year applies solely to such year for which the tax is paid.