## Getz, Appellant, v. Brubaker.

*Constitutional law—Mechanic's lien—Act of June 4, 1901, P. L. 431.*

The mechanic's lien Act of June 4, 1901, P. L. 431, does not violate the provisions of section 6, of article III of the constitution relating to the extension of existing laws. The act did not extend existing laws. It was intended to be a substitute for all the statutes relating to the general subject.

*Constitutional law—Usurpation of judicial functions—Definition of words in statute.*

It is within the power of the legislature to declare in a statute the sense in which it used certain words therein contained.

*Mechanic's lien—Contract after conveyance—Notice to owner—Act of June 4, 1901, P. L. 431.*

Where an owner and builder of a house, before the house is completed, conveys it to another, and places the deed on record, and thereafter in pursuance of an agreement with his grantee, enters into a contract for the plumbing of the house, the plumber will not be entitled to a lien for his work and material, unless he serves upon the grantee the notice required by the Act of June 4, 1901, P. L. 431. In such a case the former owner is the contractor, and the plumber the subcontractor.

Argued March 16, 1904. Appeal, No. 22, March T., 1904, by plaintiff, from order of C. P. York Co., making absolute rule to strike off mechanic's lien in case of Charles A. Getz and Walter H. Getz, trading as John Getz's Sons, v. Henry Brubaker. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off mechanic's lien entered by a subcontractor without notice to owner.

BITTENGER, P. J., stated the facts to be as follows:

This lien was filed by the claimants against the premises therein described, known as 931 West Poplar street, in the city

of York, on December 27, 1902, under and by virtue of the act of assembly of June 4, 1901, P. L. 431, against Henry Brubaker, owner and contractor.

The dwelling house described in the mechanic's lien was erected by the owner and contractor, Henry Brubaker, on the lot of ground owned by him, and was nearing completion when the materials and work claimed for in the lien, furnace, gas fixtures, spouting, pipe, bathtubs, etc., and work on same done by the claimant, were ordered at different times, from January 27 to June 27, 1902, inclusive, and were furnished and performed by the claimants on orders of the said Henry Brubaker.

The whole amount claimed for said materials and work was $151.89, on which credits are allowed for $71.03. Balance claimed in lien to be payable, $81.86.

The petitioner, Carrie Rowland, became the owner of the premises described in the lien on March 25, 1902, by the execution and delivery of a deed to her, by Henry Brubaker and wife, which was recorded in the office of the recorder of deeds in the county of York, on March 27, 1902, in deed book 12 R, page 602. Part of the contract of purchase, it appears, from the evidence, was that Henry Brubaker was to finish the house so conveyed to the petitioner, Carrie Rowland; and the materials furnished and work done on said premises so conveyed, were furnished and done on orders of said Henry Brubaker, former owner, as required from time to time, under his agreement with the said grantee of the premises, conveyed to her in their unfinished condition.

The court made absolute the rule on the ground that no notice had been given to Carrie Rowland as required by the Act of June 4, 1901, P. L. 431.

*Richard E. Cochran*, with him *Smyser Williams*, for appellant.—The Act of June 4, 1901, P. L. 431, is unconstitutional: Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627; Com. ex rel. v. Warwick, 172 Pa. 140.

The claimants are entitled to this lien: Jones v. Shawhan, 4 W. & S. 257, 262; Fourth Avenue Baptist Church v. Schreiner, 88 Pa. 124; Mears v. Dickerson, 2 Phila. 19; Boas v. Birmingham, 2 Pearson, 334.

*Daniel K. Trimmer*, for appellee.

OPINION BY HENDERSON, J., May 10, 1904 :

Two questions are presented for consideration : 1. Is the Act of June 4, 1901, P. L. 431, constitutional ?  2. Are the plaintiffs entitled to a lien ?

Two objections are made against the constitutionality of the statute.

(*a*) That it is in violation of the provisions of sec. 6 of art. III. of the constitution, in that a declared purpose of the act is to extend existing laws, and that the legislature attempted to execute that purpose without referring to the titles of the acts intended to be extended, and without enacting at length the laws or the provisions thereof which the legislature attempted to extend.

(*b*) The legislature usurped judicial functions in defining the meaning of certain words used in the statute.

It may be said in reply to the first objection that the statute does not, in fact, extend existing laws.  It was intended to be a substitute for all the statutes relating to the general subject. The body of laws relating to mechanics' liens had grown up through many years by gradual additions without regular order or proportion, and it was deemed advisable to replace this fragmentary legislation by a comprehensive consistent act better adapted to present conditions and more complete in its scope and objects.  No existing statute, as such, was incorporated into the new law, but the meritorious parts of the then existing statutes with such additions as experience had shown to be desirable, were combined to constitute a new law intended to be as comprehensive as the requirements of the subject made necessary.  That this was the legislative intent is not only apparent from the terms of the act itself, but from the fact that the prior statutes regulating the subject were all repealed. This is in no sense an extension of an act within the meaning of the constitution.

The second objection does not seem to be seriously pressed by the appellant's counsel.  It is clearly within the power of the legislature to declare in the statute the sense in which it used certain words therein contained.

The amended statement of claim shows that the amount

which the plaintiffs seek to recover, after applying credits allowed on the claim, was for materials furnished and work performed on a contract made with Brubaker after he had ceased to be the owner of the property against which the lien was filed. It appears from the lien that the plaintiffs contracted with him for the bath tubs, etc., after he ceased to be the owner of the property. He had conveyed it to Carrie Roland, and her deed had been on record for three months before the contract was made on which the plaintiffs seek to charge the property. Prior to the act of 1901 a lien could be filed after the conveyance of the property where the contract was made with the owner before the conveyance : Jones v. Shawhan, 4 W. & S. 257 ; Mears v. Dickerson, 2 Phila. 19. But in the case now under consideration, the contract not having been made by the owner, Brubaker was a contractor and the claimants subcontractors, and in order to charge the owner they were required, under the provisions of the act of 1901, to give notice to her if they proposed to file a lien against her property.

The action of the court below on the rule to strike off the lien was therefore correct, and the decree is affirmed.