## McElhone, Appellant, *v.* Philadelphia Quartette Club.

*Negligence—Master and servant—Infants—Act of May 2, 1905, P. L. 352.*

1. An incorporated club maintaining and operating a bowling alley is an "establishment" within the meaning of sec. 2 of the Act of May 2, 1905, P. L. 352, which provides that "no child under fourteen years of age shall be employed in any establishment."

2. A construction put upon an act of the legislature by itself by means of a provision embodied in the same, that it shall or shall not be construed in a certain designated manner, is binding upon the courts, although the latter without such direction would have understood the language to mean something different.

3. The legislature has not only ample power to give a definition to a trade, business or operation, but under its police power it may rightfully fix an age limit below which persons shall not be employed, and when that limit is so fixed, an employer who violates the act by engaging a person under the statutory age, he does so at his own risk, and if such minor is injured while engaged in the performance of the prohibited duties for which he was employed, the employer will be liable in damages for injuries thus sustained.

4. The fact that the Act of May 2, 1905, P. L. 352, is penal in char-

acter and that violations of its provisions are punishable by fine and imprisonment, does not render such remedies exclusive and does not supersede the right of action for damages in a civil proceeding.

Argued Oct. 17, 1912.   Appeals, Nos. 86 and 87, Oct. Term, 1912, by plaintiffs, from orders of C. P. No. 1, Phila. Co., June T., 1907, No. 3,816, entering judgment for defendant non obstante veredicto in case of Margaret McElhone in her own right and Daniel J. McElhone by his mother and next friend and guardian, Margaret McElhone, v. Philadelphia Quartette Club.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Reversed.

Trespass for injuries to a boy under fourteen years of age.   Before KINSEY, J.

At the trial it appeared that plaintiff, a boy twelve years of age, was injured on February 3, 1907, while employed at defendant's bowling alley.   There was evidence both of the negligence of the defendant and contributory negligence of the boy.

At the trial the jury returned a verdict for Margaret McElhone for $539.50 and for Daniel J. McElhone for $1,000.   Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*William M. Reese,* for appellants.—The act of 1905 is constitutional: Stehle v. Machine Co., 225 Pa. 348.

It is clearly within the power of the legislature to declare in the statute the sense in which it used certain words therein contained: Com. v. Curry, 4 Pa. Superior Ct. 356; Getz v. Brubaker, 25 Pa. Superior Ct. 303; Yeager v. Weaver, 64 Pa. 425; Haddock v. Com., 103 Pa. 243; Warfield v. Fox, 53 Pa. 382; Williams v. Ivory, 173 Pa. 536; Oliver's App., 101 Pa. 299; Olive Cemetery Co. v. Phila., 93 Pa. 129.

Where a statute contains an exception to its operation, this exception shows a legislative intent to exclude all other exceptions: Miller v. Kirkpatrick, 29 Pa. 226; Warfield v. Fox, 53 Pa. 382; Union Imp. Co. v. Com., 69 Pa. 140; Olive Cemetery Co. v. Phila., 93 Pa. 129; Oliver's Appeal, 101 Pa. 299.

It is the duty of an employer to warn minor employees of dangers of which they are likely to be ignorant because of their youth and inexperience, and to instruct them, so that they may be able to avoid injury: Sheetram v. Trexlar Stave & Lumber Co., 13 Pa. Superior Ct. 219; Tagg v. McGeorge, 155 Pa. 368; Royer v. Tinkler, 16 Pa. Superior Ct. 457; Ross v. Walker, 139 Pa. 42; Rummel v. Dilworth, 131 Pa. 509; Kehler v. Schwenk, 151 Pa. 505; Smith v. Hillside Coal & Iron Co., 186 Pa. 28; West Phila. Pass. Ry. Co. v. Gallagher, 108 Pa. 524; Strawbridge v. Bradford, 128 Pa. 200; Phila. City Pass. Ry. Co. v. Hassard, 75 Pa. 367; Crissey v. Hestonville, etc., Ry. Co., 75 Pa. 83.

*William A. Hayes*, for appellee.—The Act of May 2, 1905, P. L. 352, has no application to the case: Eby's App., 70 Pa. 311; Perkins v. Phila., 156 Pa. 554; Bittinger's Estate, 129 Pa. 338; Dailey v. Potter Co., 203 Pa. 593; Provident Life & Trust Co. v. Hammond, 230 Pa. 407.

If then it be contended that the legislature intended by the act of May 2, 1905, to regulate the employment of women and children in any place other than where domestic, coal mining, or farm labor is employed, the title of the act does not clearly express such intention and in fact express an intention to regulate the employment only in industrial establishments. All of the cases which have been considered under the act of May 2, 1905, have been cases where the minor was injured in industrial establishments: Stehle v. Jaeger Automatic Machine Co., 220 Pa. 617; Stehle v. Machine Co., 225 Pa. 348; Sullivan v. Hanover Cordage Co., 222 Pa. 40; Jones v. American Caramel

Co., 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514; Soly v. Williamsport Radiator Co., 231 Pa. 585; Reeder v. Coal Co., 231 Pa. 563.

OPINION BY ORLADY, J., March 6, 1913:

This defendant, a corporation, conducted a club, the charter purposes of which are not defined in the testimony. The verdict shows that it was a musical and social association, under whose direction and control a saloon where liquor, cigars and like commodities were sold, from 10 A. M. until midnight, and among other sources of entertainment, it operated bowling alleys for the benefit and amusement of its members, and profit of the defendant. It employed servants at stipulated salaries or wages, and conducted a well-organized and successful business undertaking.

Daniel J. McElhone, aged twelve years, one of the plaintiffs, and the son and ward of the other plaintiff, while in the regular employment of the defendant and when engaged in the discharge of duties that were regularly assigned to him by the person in charge of the bowling alleys, was injured in his right hand by being struck by one of the bowls.

On a trial before a jury, a verdict was recovered in favor of Margaret McElhone for $539.50, and in favor of Daniel J. McElhone for $1,000. These verdicts were set aside by the learned trial judge, and judgments entered in favor of the defendant non obstante veredicto, the reason given, being "In our opinion the Act of May 2, 1905, applies only to industrial establishments, and that the place where plaintiff was employed and injured was not such an establishment."

It is conceded that this boy was but twelve years of age; that his injuries were serious and that they were caused by a negligent operation or inadequate instruction in regard to his duties in the management of the bowling alleys of this defendant. The Act of May 2, 1905, P. L. 352, purports in its title to regulate the employment, in all kinds

of industrial establishments, of women and children employed at wages or salary, by regulating the age at which minors can be employed; fixing the hours of labor, etc.; and by the first section it defines the word "establishment" as follows: "That the term 'establishment' where used for the purposes of this act, shall mean any place within this commonwealth other than where domestic, coal mining or farm labor is employed; where men, women or children are engaged and paid a salary or wages, by any person, firm or corporation, and where such men, women or children are employed in the general acceptance of the term." The second section provides: "No child under 14 years of age shall be employed in any establishment."

This act was before the Supreme Court in Stehle v. Machine Co., 225 Pa. 348, in which Mr. Justice STEWART says: "So far as regards section 2 of the act—and this is the only part here under consideration—the title contains clear and distinct notice of the subject of the enactment. It recites that it is an act to regulate the employment in all kinds of industrial establishments of women and children employed—by regulating the age at which minors can be employed, etc. A fuller or more direct statement of the subject could only be made by introducing the section itself into the title." In view of this adjudication it is not necessary to further defend the constitutionality of this section.

The main contention here is that this incorporated club, musical society, or by whatever description it may be designated, is not such an establishment as is contemplated by act of May 2, 1905.

In the construction of a statute, words, if of common use, are to be taken in their natural, plain, obvious and ordinary significance. But it must be conceded that it is clearly within the power of the legislature to declare in the statute the sense in which it used certain words therein contained, and that the legislature has an inherent right to prescribe the legality of its own definition or language. A construction put upon an act of the legis-

lature by itself, by means of a provision embodied in the same, that it shall or shall not be construed in a certain designated manner, is binding upon the courts, although the latter without such a direction would have understood the language to mean something different: Com. v. Curry, 4 Pa. Superior Ct. 356; Getz v. Brubaker, 25 Pa. Superior Ct. 303; 27 Cyc. 112. When the language of the statute is clear and unequivocal without ambiguity or uncertainty we are to presume that it expresses the intent of the legislature, and no construction is necessary: Haddock v. Com., 103 Pa. 243.

When the legislature gave a specific definition to the word establishment, and provided that in that act it "shall mean any place within this commonwealth, other than where domestic, coal mining or farm labor is employed," it segregated in direct terms by exclusion of these three divisions, as, other than all other classifications, where men, women or children are employed and paid a salary or wages by any person, firm or corporation, and where such men, women and children are employed in the general acceptance of the term. Unless the business or operation of the defendant is within the excluded subjects, "where domestic, coal mining or farm labor is employed," it is within the specific, plain and clear terms of the act, and its meaning is apparent and obvious. The legislature has not only ample power to give a definition to a trade, business or operation, but under its police power it may rightfully fix an age limit below which persons shall not be employed, and when that limit is so fixed, an employer who violates the act by engaging a person under the statutory age, he does so at his own risk, and if such minor is injured while engaged in the performance of the prohibited duties for which he was employed, the employer will be liable in damages for injuries thus sustained: Lenahan v. Pittston Coal Min. Co., 218 Pa. 311. In an action of trespass for personal injuries sustained in such employment, the master cannot set up as a defense either the assumption of risk or the contributory negligence

of the child servant. The fact that the act of May 2, 1905, is penal in character and that violations of its provisions are punishable by fine or imprisonment, does not render such remedies exclusive and does not supersede the right of action for damages in a civil proceeding: Stehle v. Jaeger Machine Co., 220 Pa. 617.

It may well be, that in legal or colloquial use the word establishment may be accepted in a more narrow or restricted sense than is given to it in this act of assembly, but under the authorities the legislature is not limited to such a meaning and may give one of its own which the courts are bound to follow.

Industrial establishments are continually changing in their character by the introduction of new processes, methods and appliances, and the term industrial establishment is not so thoroughly fixed by universal acceptation as to hold that the legislature cannot define it. Even if the subject would be open to discussion, can anyone say that a bowling alley is not as dangerous a business establishment, and as proper for legislative regulation as many other places where the labor of men, women and children is employed and regulated by law.

The judgment is reversed, the record is remitted to the court below and judgment is directed to be entered on the verdicts unless other good and sufficient reason is shown.