# McNabb *v.* Clear Springs Water Company, Appellant.

*Negligence—Master and servant—Guarding machinery—Act of May 2, 1905, P. L. 352—Instructions—Industrial establishment— Pumping station.*

The Factory Act of May 2, 1905, P. L. 352, which provides for the guarding of dangerous machinery in industrial establishments, applies to a pumping station of a water company under the definition of "establishment" given in the act. An engineer in such a pumping station who is injured through failure to properly guard certain cogs and machinery is entitled to recover under the act.

Argued Feb. 3, 1913. Appeal, No. 364, Jan. T., 1912, by defendant, from judgment of C. P. Lehigh Co., April T., 1912, No. 47, on verdict for plaintiff in case of William McNabb v. Clear Springs Water Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before TREXLER, P. J.

Opinion of the Supreme Court states the case.

Verdict for plaintiff for $2,450.00 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal to enter judgment for defendant.

*Frank Jacobs,* with him *Dickson, Beitler & McCouch,* for appellant.

*Francis G. Lewis,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 10, 1913:

This is an action for personal injuries sustained by appellee while he was employed as engineer in the pumping station of the appellant company. The negligence charged is failure to properly guard the cogs and machinery used in the pumping station. Appellee charges that this was a statutory duty imposed by the Act of May 2, 1905, P. L. 352, and so declared in his statement of claim. The case was tried and went to the jury upon this theory. The position of appellant is that the Act of 1905 does not apply to the present case because a pumping station is not an industrial establishment within the meaning of that act. Section 1 of this act provides: "That the term 'establishment,' when used for the purposes of this act, shall mean any place within this Commonwealth other than where domestic, coal-mining or farm labor is employed; where men, women or children are engaged, and paid a salary or wages, by any person, firm or corporation, and where such men, women or children are employees, in the general acceptance of the term." The legislature has thus defined what the word "establishment" means, and having the power to deal with the subject, we are not at liberty to disregard what is so plainly written. It is argued that the word "industrial" should be read into the definition because it is used in the title of the act, and that when so read and understood, appellee does not belong to the class of employees intended to be protected by the statute. The argument is not without force, but we are not convinced that it should prevail. No reason has been suggested why such a distinction should be made, or why an engineer employed in a recognized industrial establishment should be given the pro-

tection of the act, while an engineer employed in and around equally dangerous machinery in an establishment not commonly called industrial, but which is engaged in business for profit, should be denied its protection. The purpose of the act was to make employment of this character less hazardous by requiring dangerous machinery to be properly guarded. This purpose would be defeated in part at least if an engineer in the pumping station of a water company is denied the protection of the act. It is difficult to see why the legislature should intend that an engineer in the power plant of an electric company for instance should be afforded this protection, while an engineer in the pumping station of a water company should not be. This is what would happen if the act is held to mean what appellant claims. After all, it is a question of legislative intention, and since that intention was written into the very first section of the act in language broad enough to include the present case, a construction giving the act a more restricted meaning would make an arbitrary distinction not warranted by the language used. We therefore hold that the pumping station in which appellee was injured is an establishment within the meaning of the Act of 1905.

On the question of contributory negligence, this is a close case, but in view of all the facts we are unanimously of opinion that it was for the jury. The learned trial judge took this view of the case and as we think was fully warranted in submitting the question to the jury, and no error in the submission is disclosed by this appeal.

Judgment affirmed.