## Employment of Minors in Coal Mines.

*Mines and mining — Employment of minors — Department of Mines — Department of Labor and Industry—Jurisdiction—"Establishment"—Acts of May 1, 1909, June 15, 1911, and May 13, 1915.*

1. An act may define its own terms, and the meaning thus given to them controls in the construction.

2. The definition of the word "establishment" in the Act of May 13, 1915, P. L. 286, is broad enough to include a coal mine.

3. The Act of May 13, 1915, P. L. 286, in so far as it relates to the employment of minors in coal mines, supersedes the Act of May 1, 1909, P. L. 375, as amended by the Act of June 15, 1911, P. L. 983, and since the passage of the Act of 1915, it is within the province of the Department of Labor and Industry, and not the Department of Mines, to enforce the provisions of that act in the case of minors so employed.

Attorney-General's Department. Opinion to Hon. Clifford B. Connelley, Commissioner of Labor and Industry.

COLLINS, Dep. Att'y-Gen., Dec. 5, 1922.—There was duly received your communication to the Attorney-General of the 25th ult., requesting an opinion as to which department, that of Labor and Industry or that of Mines, has jurisdiction over the employment of minors in coal mines, and whether the Child Labor Act of May 13, 1915, P. L. 286, repeals the Act of May 1, 1909, P. L. 375, as amended by that of June 15, 1911, P. L. 983, regulating the employment of minors in coal mines.

The said Act of 1909, as so amended, provided that no minor under the age of fourteen years should be "employed, permitted or suffered to work in,

about, or for any coal-breaker or washery, or in or about the outside workings of any coal mine," prescribed the hours of employment therein for those under sixteen years of age, forbade the employment of those under that age "inside any coal mine," and required employment certificates for those between the ages of fourteen and sixteen years. Its enforcement was imposed upon the Department of Mines.

The provisions of the said Child Labor Law of 1915 are so well known as to render it needless to here restate at length its various ones forbidding the employment of minors under the age of fourteen in any establishment, fixing the hours of lawful employment in any establishment for those under sixteen, and prescribing certain attendance at school, forbidding the employment of minors of certain ages at certain employments, and requiring employment certificates for those under sixteen employed at any establishment. This act defines the term "establishment," as used therein, to mean any place in the Commonwealth where work is done for compensation, other than that on farms or domestic service in private homes. It is settled that an act can define its own terms, and the meaning thus given to them controls in its construction. It was so ruled as to this very term "establishment," as used in another statute, by McNabb v. Clear Springs Water Co., 239 Pa. 502, and McElhone v. Philadelphia Quartette Club, 53 Pa. Superior Ct. 262. In the former case it was said: "The legislature has thus defined what the word 'establishment' means, and having the power to deal with the subject, we are not at liberty to disregard what is so plainly written."

An establishment as thus defined by this Act of 1915 must clearly be held to include mines and mining operations. Moreover, section 5 of the act mentions employment "in any anthracite or bituminous coal mine" among those enumerated as unlawful for minors under the age of sixteen years, thus showing an express intent that the act extends to coal mines. I think it is entirely free from doubt that the employment of minors in, about or in connection with coal mines is subject to the provisions of the Child Labor Law of 1915. There is nothing whatever therein which would warrant a construction taking such employment from out its scope.

"We think it is always unsafe to depart from the plain and literal meaning of the words contained in legislative enactments out of deference to some supposed intent, or absence of intent, which would prevent the application of the words actually used to a given subject:" City of Pittsburgh v. Kalchthaler, 114 Pa. 547.

The said Act of 1915 cites no acts specifically for repeal, but contains the usual general repealer that all acts or parts of acts inconsistent therewith are thereby repealed. This, of course, would have followed under the general rule of statutory construction: Endlich on the Interpretation of Statutes, 182. Any provision in any former act regulating the employment of minors inconsistent with or repugnant to those of this later act were thereby abrogated, and can in no way modify its provisions or stand in the way of its enforcement.

While, in view of the foregoing conclusions, it may be unnecessary here to decide the question as to the repeal of the said Act of 1909, as amended by that of 1911, in its entirety, I am of the opinion that, inasmuch as the subject of all its provisions is substantially covered by the said Act of 1915, it is superseded and in effect repealed by the later act. In an opinion of this department, rendered by the writer hereof to the Commissioner of Labor and Industry on May 23, 1918, as to the employment of minors under eighteen years of age in quarries, which had been specifically forbidden under the Act of April 29, 1909, P. L. 283, as amended by the Acts of June 9, 1911, P. L. 832,

3 D. & C.

Employment of Minors in Coal Mines.

and July 19, 1913, P. L. 862, but not by said Act of 1915, it was held that the said Act of April 29, 1909, as so amended, and which regulated generally the employment of minors, and whose enforcement rested upon the Department of Labor and Industry, was repealed by the said Act of 1915, for the reason that: "We must presume that the legislature did not intend that there should be in force at the same time two distinct acts covering the same subject-matter, for that would not merely be idle and useless, but misleading. The Act of 1915 manifestly was intended to be a general and complete revision of, and stand as a substitute for, the old law upon the subject of child labor:" Report of Attorney-General, 1917-18, page 462.

Citation was made in that opinion from Com. v. Mann, 168 Pa. 290, in which it was said: "But if a statute embrace the essential provisions of an antecedent one on the same subject, and formulate a new system, the intention that the new shall be a substitute for the old is manifest, although there be no expressed intention to that effect."

The fact that the said Act of May 1, 1909, as amended by that of June 15, 1911, only dealt with employment of minors in or about coal mines, and not with their employment in general, does not, in my opinion, affect the applicability of the foregoing rule.

The enforcement of the said Act of 1915 is within the domain of the duty of the Department of Labor and Industry; a duty to enforce it also being charged upon the attendance officers of the various school districts and the police of the cities, boroughs and townships of the Commonwealth. Under section 20, the State Superintendent of Public Instruction is also directed to proceed in the manner therein prescribed to have attendance officers appointed in school districts in order to secure therein effective enforcement of the act. We cannot, of course, imply from the aforesaid duty of the Department of Labor and Industry any right or authority for its inspectors, officers or employees to enter coal mines. It is obvious that their presence there might not only be dangerous to themselves, but an actual menace to the safety of those working in the mines. It is unlikely, however, that the inability of the Labor and Industry Inspectors to enter mines presents any serious difficulty in the discharge of their said duty. Minors employed in mines come and go, and it would be easily within the means of these inspectors to learn whether the act, as to them, is being violated. Furthermore, it would be proper for the Department of Labor and Industry to call upon the Department of Mines to furnish any information within its knowledge, or obtainable by it, helpful or necessary to its enforcement, and it would be the duty of the Department of Mines to furnish it. Full and ready co-operation on the part of all said officials, State or local, should be afforded to effect a complete observance of this salutary measure, safeguarding the childhood of the Commonwealth and so vital to its welfare.

You are advised that the Child Labor Law of 1915 applies to coal mines and coal mining operations, and subjects the employment of minors therein or thereat to its provisions; that the provisions of the said Act of May 1, 1909, as amended, are substantially superseded, and, hence, in effect, repealed by the said Act of 1915, and that it is within the province of the Department of Labor and Industry to enforce the provisions of the said Act of 1915 in the case of the employment of minors in, about or in connection with coal mines precisely as it is within its province to enforce it in the case of the employment of minors in other occupations.

From Guy H. Davies, Harrisburg, Pa.