ROBINSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 29—May 24, 1910.*

*Criminal law: Competency of witnesses: Children: Discretion: Rape: Sufficiency of evidence: Unsworn testimony: Waiver of objection: Mental capacity: Opinions of nonexperts: Time of offense: Instructions to jury: Evidence as to character: Refutation: Proof of other immoral acts: Rebuttal.*

1. Unless it appears to have been an abuse of discretion, the ruling of the trial court that a child of limited mentality and intelligence was competent to testify will not be held error.
2. A conviction of rape is *held* to be sustained by the direct and positive testimony of the prosecutrix, a child between thirteen and fourteen years old of limited intelligence, together with some corroboration, the question of her credibility being one for the jury.
3. Where a defendant expressly consents, even under pressure from the court, to the admission of unsworn testimony of young children, he waives any right to complain thereof.
4. A nonexpert witness cannot give a general opinion as to the mental capacity of a person, but may testify as to specific interviews and the impression left upon his mind as to the person's mental peculiarities exhibited in such interviews.
5. Where, on a trial for rape, the prosecutrix testified to only one offense and the testimony of the accused evinced no uncer-

tainty as to the occasion referred to, so that the jury in find-
ing him guilty must have agreed upon the commission of one
specific offense, there was no error in an instruction permit-
ting conviction for an offense committed at any time within
the period of limitation prior to the time charged in the in-
formation.

6. The privilege of general vilification of a witness by proof of
disreputable conduct not connected with the facts on trial
should be allowed only in the exercise of judicial discretion,
and then only to affect the credibility of the witness, and not
to be considered upon the question of guilt or innocence if the
witness is also the accused person on trial.

7. Refutation of evidence of the general good character of an ac-
cused must be by proof of general reputation or character and
not of specific acts.

8. Where, on a trial for rape, the accused himself testified and also
offered other evidence to show the innocent and meritorious
character of his relations and usual acts with girls other than
the prosecutrix who frequented his place of business, it was
permissible for the state to show that the conditions which he
sought to prove as suggestive of his innocence did not exist,
and to show that the presence of such girls on his premises,
invited by him, was often immoral and libidinous instead of
uniformly innocent and conventional as he had sought to
prove.

ERROR to review a judgment of the municipal court of
Dane county: ANTHONY DONOVAN, Judge. *Affirmed.*

Writ of error to review conviction for carnal intercourse
with a female under fourteen. The prosecutrix was between
thirteen and fourteen, of quite limited mentality and intelli-
gence, and in whom the absence of chastity appeared by physi-
cal examination and by her own testimony. She asserted
that the defendant, a man sixty-two years of age, keeping a
petty shop for sale of candies, notions, and pictures, and an
employment agency, enticed her therein, and, by promise of
a trifling sum of money, induced her to consent to the carnal
act. Hers was the only direct testimony thereto; but physi-
cal examination very shortly thereafter, testimony of a wit-
ness to her presence at the shop and retirement with defend-
ant into a back room, and perhaps some other facts, are

claimed as corroborative.    Defendant introduced evidence of
good character of himself and his place of business and ap-
peared as a witness and testified to the respectable character
of the business.    On cross-examination he denied various
specific indecent and improper acts with other girls of various
ages and at different times coming to his store.    The state
upon rebuttal was allowed to introduce affirmative proof of
these several acts.

For the plaintiff in error there was a brief by *Ollis & Nel-
son,* and oral argument by *R. N. Nelson.*

For the defendant in error there was a brief by the *At-
torney General* and *Vroman Mason,* district attorney, and
oral argument by *Mr. Mason.*

Dodge, J.   We have concluded, after doubt on some, that
none of the assignments of error necessitate reversal, for rea-
sons to be stated:

1. The competency of the accusing witness was fairly
within the trial court's discretion, guided by his experience
with her upon the preliminary examination, as also by her
appearance.   There is not enough in the record to convince
us that such discretion was abused.

2. Her testimony being admissible, the verdict was not
without support from evidence.   That testimony is direct
and positive to commission of the act charged, and apparently
with understanding of that to which she testified.   The ques-
tion of her credibility, which doubtless is a serious one, was
nevertheless for the jury, and she was not wholly without
corroboration.

3. The admission of unsworn testimony, even from very
young children, could hardly be justified but that defendant,
albeit under considerable pressure from the court, yielded his
express consent to omission of the oath, and has thereby
waived all complaint thereof.   *Oborn v. State, post,* p. 249,
126 N. W. 737.

4. There was no error in excluding the opinion of Mr. Smith, not an expert witness, as to prosecutrix's mental capacity to testify. The question called for a general opinion at a time when he had merely stated generally the extent of his acquaintance with her and opportunities for observation. The court later allowed him to testify as to specific interviews and the impression left upon his mind as to her mental peculiarities exhibited in such interviews. Such is the true field of opinion from the nonexpert. *Duthey v. State*, 131 Wis. 178, 186, 111 N. W. 222.

5. The permission to convict for an offense at any time within the limitation period prior to June 30, 1909, given by an instruction, while technically correct in some cases, might be prejudicially erroneous in others, unless very carefully guarded and qualified. In the instant case we can discover no prejudice. While prosecutrix was very contradictory as to the date, still she testified to only one offense at any time committed upon her by defendant, and his testimony evinces no uncertainty as to the occasion referred to. There was therefore no opportunity for part of the jury only to believe in the commission of one offense and part of them to rest their verdict upon another. If they agreed on the commission of one specific offense, it was immaterial whether it was committed in March or June. Defendant could not have been embarrassed in his defense by uncertainty as to the occasion involved.

6. The remaining and most serious question presented by several assignments of error arises upon allowing the state in rebuttal, over objection, to offer evidence of various specific immoral and libidinous acts by defendant in his store, addressed to girls and young women resorting thereto apparently in the course of business, such as the exhibition, from amongst his stock, of indecent pictures, the taking of personal liberties, and even solicitation to carnal intercourse. The evidence, if inadmissible, was beyond doubt highly preju-

dicial.   Was it properly admissible?   Counsel suggests that
it might have been admitted as having bearing on defendant's
credibility, he having made himself a witness.   The privilege
of general vilification of a witness by proof of disreputable
conduct not connected with the facts on trial is one so liable
to abuse that it should be closely guarded and allowed only
upon the exercise of judicial discretion of the trial court, and
then only to affect the credibility of the witness, and not to be
considered upon guilt or innocence if the witness is also the
accused person on trial.   *Dungan v. State,* 135 Wis. 151, 115
N. W. 350.   But that discretion was not exercised upon this
trial.   The court not only did not limit the effect of the evi-
dence to the credibility of defendant, but expressly admitted
it as relevant to the merits of the case.   Another suggested
justification is that such specific immoral acts went in refuta-
tion of the evidence which defendant had offered of his gen-
eral good character.   The rule is, however, universally es-
tablished that such refutation must consist of proof of general
reputation or character and that specific acts are not admis-
sible.   *Comm. v. O'Brien,* 119 Mass. 342; Torrance in 12
Yale Law Jour. 359.   However, another ground of relevancy
and admissibility was urged on the trial, namely, to refute
defendant's testimony.   He had very industriously sought,
apparently in anticipation of an argument that frequent pres-
ence of girls on his premises was suspicious, to prove that he
conducted a legitimate business in the sale of candies, picture
cards, ornaments, and the like, which attracted their presence;
also that he conducted an employment agency.   He testified
and offered other proof to show that such acts of familiarity
with little girls, treating to candy and showing of pictures, as
were afterwards proved, were mere acts of kindness or a
method of selling his wares, and that access to his back room
by prosecutrix and others was frequent for use of his tele-
phone and was innocent.   Now, whether or not such acts
might have been shown by the state originally or even com-

mented on in argument, a defendant might perhaps show the innocent and meritorious character of his relations and usual acts with a class of persons of whom prosecutrix was one. When he did so, however, he raised a new issue, and we think it was at least permissible for the state to show that the conditions which defendant had sought to prove as suggestive of innocence did not exist, and to show that the presence of such girls on his premises, invited by him, was often immoral and libidinous, instead of uniformly innocent and conventional, as he had sought to prove.   We base this conclusion upon the peculiar attitude of the defendant as exhibited by the record in this case, as inviting and indeed necessitating this type of evidence in ascertaining the truth of facts asserted by defendant as a most persuasive defense.   A situation very similar in principle was held to justify otherwise incompetent facts in *Schissler v. State,* 122 Wis. 365, 373, 99 N. W. 593; *Grabowski v. State,* 126 Wis. 447, 454, 105 N. W. 805.

*By the Court.*—Judgment affirmed.