STATE EX REL. BYRNE, District Attorney of Dane County, Petitioner, v. CIRCUIT COURT FOR DANE COUNTY, Respondent.

*March 9—March 22, 1962.*

The cause was argued by *William A. Platz*, assistant attorney general, and *Curtis M. Kirkhuff*, assistant district attorney of Dane county, for the petitioner; and by *Richard E. Lent* of Madison, for the respondent.

PER CURIAM. An order has been entered in the above-entitled matter directing that a writ of prohibition issue

commanding the Honorable RICHARD W. BARDWELL to refrain from issuing an order compelling the state of Wisconsin to turn over to the defendant before trial statements now in possession of the state of Wisconsin.

An occasion may arise after the commencement of the trial that will call for the production of a statement of a prosecution witness made prior to trial for impeachment purposes. Such a situation can be dealt with by the trial judge.

DIETERICH, J., took no part.

GORDON, J. (*dissenting*). I understand the court's ruling to be that the accused might be entitled to inspect a statement in the state's possession at the time of trial, but not *before* trial. I am unable to perceive a valid basis for this differentiation. If it is within the trial judge's discretion to require the district attorney to divulge his witness' statement during the course of trial, the trial judge should have the discretion to do the same thing before trial.

It is for the purpose of impeachment that an accused may inspect such a statement. See Anno. 156 A. L. R. 345. Normally, the foundation for impeachment does not arise until trial. In the case at bar, however, the fourteen-year-old prosecutrix upon whom the defendant is alleged to have committed a statutory rape has already contradicted herself. Based upon her report, the prosecution first alleged that the date of the crime was November 24, 1961. At the preliminary hearing held shortly after the complaint was issued, she testified that she had been mistaken and that the event occurred on December 10, 1961.

Upon this foundation, the trial judge was amply justified in ordering that the accused should have an opportunity to examine a copy of the statement taken from the prosecutrix

so that he might attempt to impeach her testimony at the trial. If the document is not produced until the trial is on stream, there will be an interruption of the proceedings (a) while the judge inspects the statement and prunes those portions which do not fairly relate to credibility and (b) while counsel for the accused examines the statement and composes the questions which he will propound as a result of such inspection.

The technique employed by the learned trial judge permits more-careful preparation of questions to be submitted to a minor prosecutrix. Allowing the trial judge to have the discretion to order the statement inspected before trial will be an aid to an orderly trial. It will not be a disservice to the prosecution. A conceivable reason for withholding inspection until the time of trial is suggested in *Jencks v. United States* (1957), 353 U. S. 657, 667, 77 Sup. Ct. 1007, 1 L. Ed. (2d) 1103: Statements should be sought only from persons who will be offered as witnesses. It would be ill-advised to permit the inspection of statements relating to the credibility of persons who might not ultimately be called as witnesses, and this generally cannot be known until the trial. However, in the instant case can there be any doubt that the prosecuting witness in a statutory rape case will be called as a witness?

The majority's position recognizes that the state may not insulate an untrustworthy witness. In 46 Op. Atty. Gen. 313, it was stated:

"A few jurisdictions, including Wisconsin, have recognized a right on the part of the defendant to the production of statements given by state witnesses to peace officers or the district attorney upon a showing that such a statement would contradict and impeach the witness' testimony. 156 A. L. R. 345.

"However, it is clear that a foundation must first be laid for the use of the document to impeach the witness."

An adequate foundation having been established in the instant case before trial, it was proper, in my opinion, for the trial judge in his discretion to permit the inspection of the statement before trial. Accordingly, I would quash the writ of prohibition. I dissent from the *per curiam* opinion.