RAMER, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 1, 2. Argued September 4, 1968.—Decided October 1, 1968.*

(Also reported in 161 N. W. 2d 209.)

For the plaintiff in error there was a brief by *Whelan, Morey & Morey* and *Randall E. Morey,* all of Mondovi, and oral argument by *Randall E. Morey.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Roger L. Hartman,* district attorney of Buffalo county.

HALLOWS, C. J.   The defendant raises several errors occurring during the trial which will be discussed seriatim.

### Sequestering of Minor Witnesses.

During the trial the court refused to separate the minor witnesses from each other while testifying and this ruling is claimed by the defendant to be error. It has long been the majority rule in this country and the specific rule in Wisconsin following the early English rule that the exclusion, separation, sequestration of wit-

nesses or "putting witnesses under the rule" is not a matter of right but lies in the legal discretion of the trial court. Annot. 32 A. L. R. 2d 358; 53 Am. Jur., *Trial*, p. 46, sec. 31. Consequently, unless there is an abuse of discretion, this court on appeal will not reverse for a refusal to sequester witnesses. The basis for sequestration of witnesses is to assure a fair trial, which sometimes can only be obtained by excluding other witnesses from the courtroom while a witness is testifying. It may turn out that a failure to sequester witnesses results in prejudice to the defendant, but unless it does so it can hardly be said that there was an abuse of discretion. The majority rule does not presume prejudice from a failure to sequester. *Loose v. State* (1903), 120 Wis. 115, 97 N. W. 526; *Zoldoske v. State* (1892), 82 Wis. 580, 52 N. W. 778.

We find no abuse of discretion in this record. The inconsistencies in the children's testimony with their prior statements are minor and refer to circumstances prior to the crime. Their testimony in relation to the actual crime was consistent with their prior statements. Only the six-year-old girl was a witness to the criminal acts.

*Voir Dire of Minor Witnesses in Presence of Jury.*

The defendant claims the court should not have questioned the children concerning their competency as witnesses in the presence of the jury. The motion to remove the jury was denied on the ground that unless the jury saw the determination of the competency they would be skeptical of children nine and six-years-old testifying. We think the defendant has no absolute right to an examination outside the presence of the jury. This issue has been recently decided contrary to the argument of the defendant in *Collier v. State* (1966), 30 Wis. 2d 101, 140 N. W. 2d 252. While in some cases it may be preferable practice to conduct a competency *voir dire* outside

the jury's presence, as stated in *State v. Wrosch* (1952), 262 Wis. 104, 53 N. W. 2d 779, we cannot hold on these facts that it was error to conduct the examination in the jury's presence. It was a matter of legal discretion with the trial court and we find no abuse or lack of fairness in the procedure.

*Defendant's Presence at Conferences in Chambers.*

During the trial the superintendent of schools requested that he be not called as a witness. His arguments were heard by the court in chambers in the presence of attorneys but the defendant was not present. The court ruled the superintendent enjoyed no immunity and would be required to testify. Thereupon, the defendant's counsel excused him as a witness. The defendant contends his right to be present during the trial extends to be present at such a conference in the judge's chambers and the right is of such a nature his counsel cannot waive it. The defendant relies on *French v. State* (1893), 85 Wis. 400, 55 N. W. 566, 21 L. R. A. 402, wherein this court stated an accused has a right which he may not waive to be present during the whole trial and to meet the witnesses face to face and to be confronted with witnesses against him. However, a defendant may waive his right at least temporarily to be present at trial. *See State v. Sasse* (1888), 72 Wis. 3, 38 N. W. 343; *State v. Biller* (1952), 262 Wis. 472, 55 N. W. 2d 414.

The question here is not waiver but whether the defendant has a right to attend a conference in chambers and admits of no categorical "yes" or "no" answer. A conference in chambers might well constitute part of the trial depending upon what matters are discussed or passed upon. Likewise, such a conference might not be a part of the trial in the sense of one's constitutional right to be present. *See* Annot. 85 A. L. R. 2d 1111.

When a conference in chambers deals solely with a question of law or preliminary matters of procedure, it has been held not to constitute a part of the trial in the constitutional sense. In *Snyder v. Massachusetts* (1934), 291 U. S. 97, 54 Sup. Ct. 330, 78 L. Ed. 674, 90 A. L. R. 575, in denying a claim that the right to due process under the fourteenth amendment of the federal constitution was denied an accused by a state court's refusal to allow him to be present at a jury view, the court pointed out ". . . the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."

In *United States v. Johnson* (3d Cir. 1942), 129 Fed. 2d 954, the court held it was not a denial of the sixth amendment to exclude the defendant during a hearing on his counsel's objection to the cross-examination of the defendant. The court considered the right of a defendant to be present when the jury is absent was not absolute but qualified by the condition that nothing should occur when he is not present which would put him in jeopardy. In *Root v. Cunningham* (4th Cir. 1965), 344 Fed. 2d 1, the court held the accused had no state or federal constitutional right to be present when the attorneys and the judge discussed proposed instructions on the theory questions of law are subsidiary to the trial itself and the ultimate ruling of the judge is made in the presence of the defendant and the jury when objections on his behalf can be noted on the record. The defendant's rights are thus protected in open court.

We think, however, that conferences of the court and attorneys outside the presence of the accused should be rarely held during the trial and the trial judge should be solicitous in allowing the defendant to be present at a conference in chambers when he requests it. There is

always a risk of the conference exceeding a nonconstitutional scope or causing misunderstanding.

### Improper Cross-Examination of Defendant.

Prior to the defendant's taking the stand on his own behalf it had been agreed in chambers that the defendant would admit he had been convicted of a felony and the number thereof and the prosecutor would not go into the matter during cross-examination. The defendant claims the prosecutor violated this understanding by referring to "correctional institution" during the cross-examination and asking the defendant if he had an automobile driver's license. Objections were made and sustained, and the jury was instructed to disregard the references. Mention of a correctional institution was first made by the defendant on cross-examination in explaining how long a time within the last five years he had spent with his family. In his direct testimony he attempted to show he was a family man and spent much of his time at home. The question was relevant on the point of whether the defendant was in fact a family man. *See Robinson v. State* (1910), 143 Wis. 205, 126 N. W. 750; 1 Wigmore, *Evidence,* p. 457, sec. 58. The question was not in violation of the agreement or the law relating to the use of prior convictions for impeachment. *See* sec. 885.19, Stats.; *Rausch v. Buisse* (1966), 33 Wis. 2d 154, 146 N. W. 2d 801; *State v. Yancey* (1966), 32 Wis. 2d 104, 145 N. W. 2d 145. We find no prejudicial error in the prosecutor's asking the defendant whether he had a driver's license in the context of the number of times he had been with the baby-sitter.

### Discovery.

At a pretrial conference the defendant requested the state to produce all the statements of witnesses it had taken. At the trial the defendant again moved for the

production of written statements, memoranda, notes, and other records of communications which the state had from any witnesses pertinent to the case. The defendant argues he was prejudiced by the state's failure to turn over certain notes made by a deputy sheriff on the night of the crime while the sheriff questioned the children and the baby-sitter. The first knowledge of the existence of these notes by either attorney came during the cross-examination of the sheriff. The deputy sheriff was not a witness.

There is no error in denying the right to a pretrial discovery of the prosecution's evidence or of the deputy sheriff's notes. The right to a fishing expedition in the criminal-law field has not been recognized in Wisconsin and the rule was affirmed in *State ex rel. Byrne v. Circuit Court* (1962), 16 Wis. 2d 197, 114 N. W. 2d 114. In a more recent case again affirming this rule, we stated that if pretrial procedure in criminal cases were to be adopted we thought it best done by rule of court or by legislative action rather than on a case-to-case basis. *State v. Miller* (1967), 35 Wis. 2d 454, 151 N. W. 2d 157. This problem of pretrial discovery should be distinguished from compulsory production of prior statements of a witness during the trial and from the duty to voluntarily correct false evidence at the trial.

There is no error in the trial court's refusing to turn over the deputy sheriff's notes during the trial. These notes did not meet the test of *State v. Richards* (1963), 21 Wis. 2d 622, 124 N. W. 2d 684. In the *Richards Case,* we concluded the defendant in a criminal case was entitled to inspect statements previously made to the authorities by witnesses called to testify on behalf of the state. The production of statements of a witness was restricted to "statements or portions thereof concerning the subject matter of the witness' testimony and written or signed by the witness or given orally and stenographically or mechanically transcribed." The rule was so restricted to avoid a collateral dispute as to the accuracy

of what a witness previously said. The deputy sheriff's notes were not a stenographic or mechanical transcription of the witnesses' statements.

The defendant argues *Giles v. Maryland* (1967), 386 U. S. 66, 87 Sup. Ct. 793, 17 L. Ed. 2d 737, applies to the facts of this case and required a disclosure of the sheriff's notes. That case dealt with the suppression of evidence beneficial to the accused as being a violation of the due-process clause under the fourteenth amendment. As we read *Giles* it deals with false evidence and the duty of the prosecution not to allow such false evidence to go uncorrected when it appears in the record. While this disclosure rule applies "even though the testimony may be relevant only to the credibility of a witness," the minor inconsistencies of the statements as reflected in the notes taken by the deputy sheriff and the testimony given by the two children are of such a nature that we do not consider the testimony of the witnesses to be false. These minor inconsistencies might have been used for what they were worth for impeachment purposes if they were reachable under the *Richards* rule. But the rule of *Giles* does not require their disclosure on the part of the prosecution.

*By the Court.*—Judgment and orders affirmed.