STATE EX REL. JOHNSON, Appellant, v. COUNTY COURT, Branch II, of Waukesha County, Respondent.

*No. 47. Argued December 3, 1968.—Decided December 20, 1968.* (Also reported in 163 N. W. 2d 6.)

For the appellant there was a brief and oral argument by *Jack V. Silbar* of Menomonee Falls.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Roger P. Murphy,* district attorney of Waukesha county.

CONNOR T. HANSEN, J. The petitioner was charged with a violation of sec. 176.30 (1), Stats. (sale of liquor to minors).

The petitioner moved for pretrial discovery of the prosecution's evidence before the respondent, County Court, Branch II, Waukesha County, Wisconsin, Hon. WILLIAM G. CALLOW, presiding. The respondent ordered the district attorney to furnish the petitioner with any inculpatory statements he may have given, but otherwise denied the motion for pretrial discovery.

Thereupon, petitioner filed the instant petition for a peremptory writ of mandamus before the circuit court of Waukesha county to compel the county court to grant pretrial discovery. The petition alleges several general grounds for the issuance of the writ: Denial of the right to confrontation, denial of effective assistance of counsel and due process of law, and denial of a fair hearing. The petition also asserts that petitioner has no other adequate legal remedy.

The circuit court issued an alternative writ of mandamus requiring the respondent to order the district attorney to grant petitioner pretrial discovery or show cause to the contrary.

Respondent appeared by the district attorney and filed a motion to quash the alternative writ of mandamus on the ground "that no reason in law is stated in the petition herein for the issuance thereof, and said petition does not show that the said Ralph Lee Johnson is entitled to a writ of mandamus as prayed."

The circuit court heard arguments and determined it had no authority to order pretrial discovery in a criminal proceeding and consequently entered an order denying and dismissing the petition for a peremptory writ of mandamus on its merits.

In the same order, the circuit court stated it "does not rule upon the sufficiency of Respondent's Motion to Quash." In doing so the circuit court stated: "I refused to issue the Writ of Mandamus, which means that I by-passed your motion [to quash] and decided the question on the merits, but I bypassed your motion in order to get to the merits."

From the order of the circuit court denying and dismissing the petition for a peremptory writ of mandamus, the petitioner appeals.

The petitioner raises a procedural matter which we shall consider before reaching the merits of whether mandamus should lie. The petitioner argues that because the respondent did not appeal the circuit court's failure to rule on the motion to quash, it cannot now argue that mandamus was not a proper remedy.

The practical effect of the order of the trial judge which denied and dismissed the petition produced the same result as a specific ruling granting the respondent's motion to quash.

Upon the issuance of the alternative writ, the respondent had three alternatives: (1) Comply with the order, (2) make a return to the writ upon the specified day, or (3) move to quash. A motion to quash is treated like a demurrer and admits the allegations of fact set forth in the petition. *State ex rel. James L. Callan, Inc. v. Barg* (1958), 3 Wis. 2d 488, 89 N. W. 2d 267.

After a party moves to quash, the trial court should hold a hearing on the motion and the appeal would be

taken from the order granting or denying the motion to quash.[1] Here the appeal is on the order denying and dismissing the petition for a peremptory writ. By following this established procedure, the issue now raised on appeal would be avoided.

However, the procedure utilized by the circuit court accomplishes the same result and does not change the substance of the appeal.

The prerequisites to issuance of a writ of mandamus were set forth in *Neu v. Voege* (1897), 96 Wis. 489, 493, 71 N. W. 880. This court stated that the writ will issue when the following requirements are met:

"[there is] a clear legal right; the duty sought to be enforced is positive and plain; the applicant for the writ shows that he will be substantially damaged by nonperformance of such duty; and there is no other adequate specific legal remedy for the threatened injury, and no laches on the part of such applicant, and no special reasons exist rendering a resort on his part to the remedy, under the circumstances, inequitable . . . ."

This court also set out the same requirements for issuance of the writ against a lower court in *State ex rel. Fourth Nat. Bank of Philadelphia v. Johnson* (1899), 103 Wis. 591, 623, 624, 79 N. W. 1081, as follows:

"The duty of the court must be plain, the refusal to proceed within its jurisdiction to perform that duty must be clear, the results of such refusal prejudicial, the remedy, if any, by appeal or writ of error utterly inadequate, and the application for relief by *mandamus* speedy and prompt, in order to justify the issuance of the writ."

Wisconsin does not recognize a right of a defendant to pretrial discovery of the prosecution's evidence in a criminal proceeding. *Santry v. State* (1886), 67 Wis. 65,

---

[1] 1961 Wis. L. Rev. 636.

30 N. W. 226; *State ex rel. Byrne v. Circuit Court* (1962), 16 Wis. 2d 197, 198, 114 N. W. 2d 114.

Therefore, the petitioner having no "clear legal right" to pretrial discovery in criminal proceedings the writ of mandamus was properly denied.

The matter of pretrial discovery in criminal proceedings has recently come before this court on at least three occasions.

In *State v. Miller* (1967), 35 Wis. 2d 454, 478, 151 N. W. 2d 157, we determined that if pretrial discovery procedure in criminal cases were to be adopted in Wisconsin it would best be done by formal rule of court through statutory procedure or through legislative action rather than on a case to case basis by this court. This same position has been reiterated in *Ramer v. State* (1968), 40 Wis. 2d 79, 161 N. W. 2d 209, and *Watkins v. State* (1968), 40 Wis. 2d 398, 162 N. W. 2d 48.

Since the petitioner had no right to pretrial discovery in a criminal case, the respondent had no duty to grant his motion. Mandamus does not, therefore, lie and the circuit court properly denied the petition and dismissed the action.

*By the Court.*—Order affirmed.