*349 SHIRLEY S. ABRAHAMSON, C.J.
¶ 34. {concurring). I agree with and join Justice Crooks' concurrence.
¶ 35. I write separately to address the majority opinion's misreading of Wis. Stat. § (Rule) 971.04(l)(c), majority op., ¶¶ 5, 19, 38, 40, and to explain that Wis. Stat. § (Rule) 971.04(l)(c) has to be read to give a defendant the right to be present "when the jury is being selected." Here is why.
¶ 36. Wisconsin Stat. § 971.04(l)(c) was created by the legislature.[1] When created, Wis. Stat. § 971.04(l)(c) read as follows:
971.04 Defendant to be present. (1) Except as provided in subs. (2) and (3), the defendant shall be present:
(c) At all proceedings when the jury is being selected (emphasis added).
¶ 37. In 1997, in the exercise of its rule-making powers and at the request of the Judicial Council, the Supreme Court (by Supreme Court Order 96-08, eff. July 1, 1997) adopted numerous provisions relating to juror use and management and amended the legislatively created Wis. Stat. § (Rule) 971.04(l)(c) to read as follows:
971.04 Defendant to be present. (1) Except as provided in subs. (2) and (3), the defendant shall be present:
(c) During voir dire of the trial jury (emphasis added).
¶ 38. As a result of the Supreme Court's amendment of Wis. Stat. § 971.04(l)(c), a defendant's right to be present is stated in terms of "voir dire" instead of *350 "when the jury is being selected." "Voir dire" ordinarily refers to the selection of jurors before trial. If the term "voir dire" is given this limited meaning, the Court's change of the legislative language curtailed the defendant's legislatively granted right to be present at all proceedings when the jury is being selected.
¶ 39. Such a curtailment of a defendant's legislatively granted right arguably exceeds the Court's powers. The Supreme Court may not promulgate rules that "abridge, enlarge or modify the substantive rights of any litigant." Wis. Stat. § 751.12(1).
¶ 40. Furthermore, it is obvious that the Court did not intend the rule to modify a defendant's substantive rights.[2] In changing the language of Wis. Stat. § 971.04(l)(c), the court did not have in mind a proceeding in which a challenge is made to a juror mid-trial, as in the present case; such a challenge is not a usual occurrence.
¶ 41. That the Supreme Court (and the Judicial Council, which petitioned for the change) did not mean to limit a defendant's rights is clearly evidenced in the Judicial Council Note appended to Supreme Court Order 96-08.
¶ 42. The Judicial Council's proposed change in the language of Wis. Stat. § 971.04(l)(c) explains that the change was meant to clarify that a defendant has a right to be present only when "the jurors themselves were present" and not during the initial selection of names from lists, which ordinarily occurs before the defendant is charged or the trial jury is selected.[3]
*351 ¶ 43. In light of the legislatively created right of a defendant to be present at all proceedings when the jury is being selected and the reason proffered by the Judicial Council for the change of language in Wis. Stat. § 971.04(l)(c) proposed to the Court, I conclude that the language of Wis. Stat. § (Rule) 971.04(l)(c) (incorporating the Supreme Court rule) has to be interpreted to have the same meaning as the legislatively created right of a defendant to be present at all proceedings when the jury is being selected.
¶ 44. In-chambers proceedings with jurors present to determine which jurors will continue to serve on the jury, like the one in the instant case, are proceedings during which the jury is being selected; in my opinion, the defendant had a statutory right to be present.
¶ 45. With this explication of Wis. Stat. § (Rule) 971.04(l)(c), I join Justice Crooks' concurring opinion.[4]
¶ 46. N. PATRICK CROOKS, J. (concurring). Alexander had both a statutory and a constitutional right *352 to be present at each of the in-chambers conferences that occurred with sitting jurors during his trial for the purpose of determining the composition of the jury. His rights were waived for him by his counsel and by his own actions in voluntarily absenting himself. The Wisconsin legislature gave him the statutory right to be present "at trial,"[1] and the in-chambers conferences in question clearly occurred "at trial." Additionally, Alexander had a constitutional right of due process to be present at the in-chambers conferences because the circumstances of this case put it into the category of cases where "a fair and just hearing would be thwarted by his absence."[2]
¶ 47. I write separately to address a statutory requirement that entitles a defendant to be present in a judge's chambers when the judge communicates with members of the jury where, as in this case, that communication is part of a determination of which jurors will continue to serve on the jury. It would seem disingenuous for the court not to consider Wis. Stat. § 971.04(l)(b) when discussing whether Alexander has a statutory right to be present at the in-chambers conferences at issue under Section 971.04. Counsel for Alexander relied on State v. Anderson, 2006 WI 77, 291 Wis. 2d 673, 717 N.W.2d 74, in both his brief and at oral argument. Anderson considers both a defendant's statutory and constitutional right to be present "at trial."
¶ 48. The statute at issue today is not complicated; it simply provides a defendant with the right to be present at trial. In fact, the State agreed that the in-chambers discussions in question happened "at trial." The definition of what constitutes "at trial" is settled and *353 uncontroversial, and it certainly encompasses the in-chambers conferences at issue in this case.
¶ 49. The majority errs in concluding that Alexander had no constitutional right to be present at the in-chambers conferences at issue. In doing so, it abandons principles articulated in State v. Anderson,[3] which is a longstanding, well-reasoned precedent from this court. An in-chambers conference that deals with the ability of sworn jurors to continue to serve on the jury is an exceedingly important occurrence in a criminal trial, and a defendant's absence from it could frustrate his or her ability to have a fair and just hearing. Therefore, I would hold that Alexander had a constitutional due process right to be present at the in-chambers conferences at issue.
¶ 50. Even though Alexander had both a statutory and constitutional right to be present at all of the in-chambers discussions concerning an individual juror's ability to remain on the jury, he chose to waive those rights through counsel and through his own actions. Therefore, the court of appeals correctly denied Alexander's motion for a new trial, and I respectfully concur.
I. ALEXANDER'S STATUTORY RIGHT
¶ 51. Wisconsin Stat. § 971.04 provides a defendant the right to be present during certain enumerated proceedings, at trial, and at sentencing.[4] This statutory right clearly includes a right to be present at trial and at voir dire.
*354 ¶ 52. We have interpreted the language in Wis. Stat. § 971.04 and explicitly held that the statute provides a defendant with enumerated statutory rights and further explains when a defendant may voluntarily *355 absent himself or herself. State v. Koopmans, 210 Wis. 2d 670, 679, 563 N.W.2d 528 (1997). In Koopmans, the court concluded that the use of "shall" in the statutory language means "mandatory" unless one of the statutory exceptions found in Section 971.04(2)-(3) applies.[5] In other words, the use of "shall" in Section 971.04 conveys a right to a defendant to be present at his or her trial.[6]
¶ 53. As the majority opinion outlines, the circuit judge met with two sitting jurors separately and in chambers toward the end of Alexander's trial. All of these conferences took place in the presence of the Assistant District Attorney and defense counsel, but Alexander was not present for any of the conferences. In the first in-chambers conference, the circuit judge questioned Juror 10 about her relationship with a woman that the juror had recognized in the courtroom's gallery. The second in-chambers conference involved Juror 33. After observing a particular witness's testimony, this juror indicated that he and the witness were acquainted. In a third in-chambers conference, the court posed additional questions to juror 10 regarding her relationship with the woman she knew who had been observing the trial. All three of the conferences occurred after the jury had been sworn and, in fact, dealt with questions surrounding whether the two particular sitting jurors could continue their jury service.
*356 ¶ 54. The separate in-chambers conferences with two sitting jurors at issue today certainly took place during Alexander's trial. We have previously defined the meaning of trial for the purposes of Wis. Stat. § 971.04(l)(b). State v. Anderson, 2006 WI 77, ¶ 42, 291 Wis. 2d 673, 717 N.W.2d 74. In Anderson, the court defined trial as beginning with "the commencement of jury selection" and going "through the final discharge of the jury and at any time an action is taken affecting the accused." Id. (citing Williams v. State, 40 Wis. 2d 154, 160, 161 N.W.2d 218 (1968)); see also State v. Miller, 197 Wis. 2d 518, 521-22, 541 N.W.2d 153 (Ct. App. 1995) ("[I]n a jury trial, 'the beginning of the trial' occurs when jeopardy attaches; i.e., 'when the selection of the jury has been completed and the jury sworn.'") and Wis. Stat. § 972.07(2) (explaining that jeopardy attaches "when the selection of the jury has been completed and the jury sworn"). These definitions vary slightly, but both clearly comport with the common understanding of the meaning of a trial. In addition, both definitions squarely place the in-chambers conferences at issue, which occurred after the jury had been sworn in and before the jury had been discharged, as occurring during Alexander's trial. Furthermore, the State's brief agreed that the in-chambers conferences at issue occurred "at trial" within the meaning of Section 971.04(l)(b).
¶ 55. We have never held that Wis. Stat. § 971.04(l)(b) does not or cannot encompass circumstances where a circuit court communicates with individual members of the jury for purposes of determining whether these individual jurors will remain on the jury. In May v. State, 97 Wis. 2d 175, 293 N.W.2d 478 (1980), this court considered whether Section 971.04 requires a defendant's presence for the court to respond to questions posed by a deliberating jury. The jury's question *357 concerned the "withdrawing from a conspiracy." Id. at 180. May held that "the communication between the judge and jury related to a question of law, and therefore the defendant's absence at the time of the communication did not result in a non-compliance with the provisions of sec. 971.04." Id. at 188.
¶ 56. The holding in May simply provides that a defendant's statutory right to be present during trial does not extend to communications between a judge and juror or jury when that communication relates to a pure question of law submitted to the court by a deliberating jury, and thus May is inapplicable to this case. Here, the in-chambers conferences that occurred between the circuit judge and the individual jurors did not relate to a pure question of law. While the in-chambers conferences at issue in this case could be viewed as presenting a mixed question of law and fact to the circuit judge, the conferences did not concern a pure question of law and did not originate from the deliberating jury. Therefore, May is clearly not controlling in this case.
¶ 57. The facts in May can be further distinguished from the circumstances of this case. As noted, in May the court applied Wis. Stat. § 971.04 to communications between a court and a deliberating jury regarding a pure question of law. In contrast, the case at hand deals with three in-chambers conferences each with an individual sitting juror to consider the appropriateness of each such juror continuing his or her jury service. The communications between the judge and the deliberating jury in May regarding a pure question of law merely required the judge to communicate a yes or no answer to the jury. In contrast, the in-chambers conferences at issue today relate to the composition of the jury, an issue of great importance to any defendant. Communications between a judge and juror(s) that could affect the jury's *358 composition are distinct from communications between a judge and a deliberating jury relating to a pure question of law. These factual distinctions further support the conclusion that the statutory limitation presented in May should not extend to this case.
¶ 58. I agree with the State that the in-chambers discussions with jurors at issue occurred "at trial" for purposes of Wis. Stat. § 971.04. I would therefore hold that a defendant has a clear statutory right under Section 971.04 to be present at in-chambers discussions with jurors that occur during the defendant's trial when those in-chambers conferences concern the appropriateness of sitting jurors continuing their jury service.
¶ 59. While Wis. Stat. § 971.04(l)(b) provides a defendant with a statutory right to be present at trial, which encompasses all of the in-chambers conferences at issue here, there is a statutory exception to this right that is applicable to this case. Under Wis. Stat. § 971.04(3) a defendant may voluntarily absent himself or herself from trial, as long as he or she was present at the start of the trial. Here, the record indicates that Alexander did, in fact, voluntarily absent himself from all three in-chambers conferences.
¶ 60. The record indicates that Alexander knew about each of the in-chambers conferences that occurred with the two jurors. In addition, there is no indication that Alexander objected to being absent from any of the conferences. Defense counsel represented Alexander in each of the conferences and during the first in-chambers conference waived the defendant's presence when asked by the circuit judge. A similar colloquy between the circuit judge and Alexander's attorney does not appear on the record in reference to either of the other in-chambers conferences; however, *359 there is no indication that Alexander asserted his right to be present in the second or third conference.
¶ 61. The record indicates that Alexander's attorney conferred with him privately in reference to the in-chambers conference with Juror 10. Additionally, the record reflects that Alexander's attorney informed him of the information discussed in the first and second in-chambers conferences. Although the record does not disclose Alexander's conversations about the third in-chambers conference with his attorney, there is no indication that Alexander did anything other than voluntarily absent himself from the third in-chambers conference, just as he had for the prior two conferences. Strong inferences to that effect can properly be drawn from the facts of record.
¶ 62. Although I would hold that Alexander had a statutory right to be present at the in-chambers conferences that took place during his trial, I believe the record demonstrates that Alexander waived his statutory right by voluntarily absenting himself knowing that his counsel would be present.
II. ALEXANDER'S CONSTITUTIONAL RIGHT
¶ 63. As the majority opinion indicates, the Due Process Clauses of the Fourteenth Amendment of the United States Constitution and Article I, Section 8 of the Wisconsin Constitution both provide a defendant with a right to be present at trial. Majority op. ¶ 20. The United States Supreme Court has characterized a defendant's due process right as a right to be present at trial where "a fair and just hearing would be thwarted by his absence." Snyder v. Massachusetts, 291 U.S. 97, 108 (1934), overruled on other grounds by Malloy v. Hogan, 378 U.S. 1 (1964). I write separately to empha *360 size that an in-chambers conference that deals with the ability of sworn jurors to continue to serve on the jury is an exceedingly important occurrence in a criminal trial, and a defendant's absence from it could frustrate his or her ability to have a fair and just hearing. Therefore, I would hold that Alexander had a constitutional due process right to be present at the in-chambers conferences at issue but that he ultimately waived that right.
¶ 64. Wisconsin case law recognizes that a defendant may have a due process right to be present during an in-chambers conference depending on what is discussed during the conference. Ramer v. State, 40 Wis. 2d 79, 84-85, 161 N.W.2d 209 (1968). In Ramer, this court held that a defendant's due process right to be present at trial did not extend to proceedings that involved questions of law because fairness would not be thwarted by a defendant's absence at proceedings that involved pure questions of law. See id. at 85; see also May, 97 Wis. 2d at 186 (providing that a fair and just trial occurred even though the court answered a question of law from the jury in the defendant's absence). In doing so, however, this court has also stated "that conferences of the court and attorneys outside the presence of the accused should be rarely held during the trial." Ramer, 40 Wis. 2d at 85 (emphasis added).
¶ 65. Here, the in-chambers conferences did not deal with any questions of law. Instead these conferences pertained to the appropriateness of sitting jurors continuing to serve on the jury. The conferences at issue are quite unlike the questions of law that the court answered outside of the defendant's presence in Ramer and May. I would, consistent with Anderson, hold that a defendant has a constitutional due process right to be at in-chambers conferences dealing with the continuing *361 service of sitting jury members that could ultimately affect the composition of the jury. These types of conferences could result in an unjust or unfair trial if held without the defendant's presence, unless the defendant has waived his or her constitutional right to be present.
¶ 66. In Anderson, 291 Wis. 2d 673, ¶ 37, this court also addressed a defendant's constitutional right to be present at his or her criminal trial. Specifically, we confronted the issue of whether communication between the circuit court and a deliberating jury, outside the presence of the defendant, violated the defendant's constitutional right to be present at his trial. Id. at ¶¶ 35-40. The communication between the circuit judge and the deliberating jury involved numerous questions from the jury regarding exhibits and the possibility of having witness testimony read back to them. Id. at ¶ 10-19. In Anderson, we held that both the defendant's constitutional and statutory rights to be present at trial were violated when the judge communicated with the deliberating jury outside of the defendant's presence. Id. at ¶ 36. In reaching our decision on the constitutional issue, this court relied on the constitutional rights granted to a defendant through both the Confrontation Clause and the Due Process Clause. Id. at ¶ 38 ("An accused's constitutional right to be present derives from the right to be heard and confront witnesses and from the accused's right to due process.").[7]
*362 ¶ 67. The majority unnecessarily abandons well-reasoned precedent set forth in Wisconsin case law to reach its conclusion today. Specifically, the majority casts aside longstanding precedent from Anderson and concludes that State v. Burton, 112 Wis. 2d 560, 334 N.W.2d 263 (1983), a case that Anderson relied upon, must be overruled.[8] Its conclusion that Burton and *363 parts of Anderson must be overruled to decide the case at issue is misguided and unnecessary to the court's holding.
¶ 68. Neither Anderson nor Burton need be overturned to reach a decision in this case. Both cases, in fact, are factually distinct from the issue we have been asked to decide. Both Anderson and Burton dealt with questions surrounding a defendant's right to be present when a judge communicates with a deliberating jury. In contrast, this case deals with a factually distinct situation involving communications between a court and sitting jury members concerning the appropriateness of allowing each one to continue to serve as a member of the jury. Due to this factual distinction, there is absolutely no need to overrule Burton, and certainty we do not have to overrule or withdraw portions of Anderson[9] to decide the case at hand. We should refrain from unnecessarily overturning well-established and well-reasoned precedent.
¶ 69. Finally, the majority is persuaded by United States v. Provenzano, 620 F.2d 985, 997-98 (3d Cir. 1980), which found that "there is no constitutional right for a defendant to be present at a conference in chambers concerning dismissal of a juror." (emphasis omitted). Such an approach has not been followed by other federal circuit courts.
¶ 70. I emphasize that the approach taken by several other courts — one that allows for the possibility that a defendant's absence from communications be *364 tween a judge and juror or jury could result in a constitutional violation if "a fair and just hearing would be thwarted by [the defendant's] absence" — is the better-reasoned case law. See Verdin v. O'Leary, 972 F.2d 1467, 1482 (7th Cir. 1992) ("[I]f Mr. Verdin had a constitutional right to be present at the exchange [between the judge and the jury], it stemmed from his due process right to be present'... to the extent that a fair and just hearing would be thwarted by his absence.' "); Ross v. Dist. Attorney of the Cnty. of Allegheny, 672 F.3d 198, 212-13 (3d Cir. 2012) (considering whether a defendant's absence from a conference between trial judge, counsel, and juror resulted in unfairness to the defendant); United States v. Fernandez-Hernandez, 652 F.3d 56, 66 (1st Cir. 2011) cert. denied, 132 S. Ct. 353, (2011) (discussing factors relating to whether the defendant's absence from a bench conference with the judge, counsel, and jurors deprived him of his due process right to be present during trial); Moore v. Knight, 368 F.3d 936, 940-44 (7th Cir. 2004) (evaluating various case-specific circumstances to determine whether the defendant's trial was fundamentally unfair due to communications between the court and jury that occurred outside of the defendant's presence); United States v. Peterson, 385 F.3d 127, 138 (2d Cir. 2004) (reviewing whether a judge's private in-chambers conference with a juror violated the defendant's due process right to be present by considering the effect of that conference on the defendant's opportunity for a fair trial); United States v. Santiago, 977 F.2d 517, 522 (10th Cir. 1992) (discussing the circumstances surrounding the trial judge's ex parte questioning of a juror and the effect that questioning would have on the defendant's constitutional rights); United States v. Caldwell, 776 F.2d 989, 997 (11th Cir. 1985) (considering the brevity *365 of communications between a juror and circuit judge, as well as other case-specific facts, to determine if the defendant's constitutional due process rights had been violated); Nevels v. Parratt, 596 F.2d 344, 346 (8th Cir. 1979) (holding that defendant's absence from a hearing with a juror about possible juror misconduct violated the defendant's constitutional right to be present at all stages of his trial). This more nuanced approach allows for a due process analysis based on the individualized circumstances of each case and better conforms with our statement "that conferences of the court and attorneys outside the presence of the accused should be rarely held during the trial," Ramer, 40 Wis. 2d at 85, than does the majority's categorical approach.
¶ 71. Applying this approach, I would hold that due process gave Alexander the right to be present at the in-chambers conferences dealing with whether the jurors should continue to serve on the jury. Alexander's presence at these conferences was critical to the fairness of the proceedings. The importance of a defendant's presence at proceedings involving the selection of jurors and the continued service of jurors, which ultimately may affect the composition of the jury cannot be overstated. See Boone v. United States, 483 A.2d 1135, 1137-38 (D.C. 1984) (discussing the importance of the defendant's presence at voir dire); Welch v. Holman, 246 F. Supp. 971, 973-74 (M.D. Ala. 1965), affd 363 F.2d 36 (5th Cir. 1966) (discussing a defendant's right to be present during proceedings that involve juror qualifications).
¶ 72. Although I would hold that Alexander had a constitutional due process right to be present at the in-chambers conferences at issue, I have noted previously in this opinion that a defendant may waive that right. State v. Biller, 262 Wis. 472, 479, 55 N.W.2d 414 *366 (1952). I am satisfied on this record that Alexander did in fact waive his due process right, along with his statutory right to be present during the in-chambers conferences as evidenced by the record in this case.
III. CONCLUSION
¶ 73. Alexander had both a statutory and a constitutional right to be present at each of the in-chambers conferences that occurred with sitting jurors during his trial for the purpose of determining the composition of the jury. His rights were waived for him by his counsel and by his own actions in voluntarily absenting himself. The Wisconsin legislature gave him the statutory right to be present "at trial," and the in-chambers conferences in question clearly occurred "at trial." Additionally, Alexander had a constitutional right of due process to be present at the in-chambers conferences because the circumstances of this case put it into the category of cases where "a fair and just hearing would be thwarted by his absence."[10]
¶ 74. For the reasons stated, I respectfully concur.
¶ 75. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON and Justice ANN WALSH BRADLEY join this opinion.

 § 63, ch. 255, Laws of 1969 (eff. July 1, 1970).

 The court of appeals stated that it "perceive[d] no substantive change in the statute" as a result of the rule modification. State v. Harris, 229 Wis. 2d 832, 839 n.3, 601 N.W.2d 682 (Ct. App. 1999).

 Judicial Council Note, 1996, Wis. Stat. § 971.04:
*351 This statute [sub. (l)(c)] defines the proceedings at which a criminal defendant has the right to be present. The prior statute's [sub. (l)(c)] reference to "all proceedings when the jury is being selected" was probably intended to include only those at which the jurors themselves were present, not the selection of names from lists which occurs at several stages before the defendant is charged or the trial jury picked.

 I concur in the mandate because here the defendant chose to waive his right (through counsel and his own actions) to be present when the jury was being selected during trial. Wis. Stat. § 971.04(3). The instant case does not present the situation in which a defendant voluntarily absents himself during jury selection before trial. For a discussion of this issue that is not presented in the instant case, see State v. Koopmans, 210 Wis. 2d 670, 678-79, 563 N.W.2d 528 (1997); State v. Harris, 229 Wis. 2d 832, 601 N.W.2d 682 (Ct. App. 1999); State v. Dwyer, 181 Wis. 2d 826, 512 N.W.2d 233 (Ct. App. 1994).

 Wis. Stat. § 971.04(l)(b). All citations to the Wisconsin Statutes reference the 2011-2012 version.

 Snyder v. Massachusetts, 291 U.S. 97, 108 (1934), overruled on other grounds by Malloy v. Hogan, 378 U.S. 1 (1964).

 State v. Anderson, 2006 WI 77, 291 Wis. 2d 673, 717 N.W.2d 74.

 Wis. Stat. § 971.04 provides:
(1) Except as provided in subs. (2) and (3), the defendant shall be present:
*354 (a) At the arraignment;
(b) At trial;
(c) During voir dire of the trial jury;
(d) At any evidentiary hearing;
(e) At any view by the jury;
(f) When the jury returns its verdict;
(g) At the pronouncement of judgment and the imposition of sentence;
(h) At any other proceeding when ordered by the court.
(2) A defendant charged with a misdemeanor may authorize his or her attorney in writing to act on his or her behalf in any manner, with leave of the court, and be excused from attendance at any or all proceedings.
(3) If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court, the trial or return of verdict of the jury in the case shall not thereby be postponed or delayed, but the trial or submission of said case to the jury for verdict and the return of verdict thereon, if required, shall proceed in all respects as though the defendant were present in court at all times. A defendant need not be present at the pronouncement or entry of an order granting or denying relief under s. 974.02, 974.06, or 974.07. If the defendant is not present, the time for appeal from any order under ss. 974.02, 974.06, and 974.07 shall commence after a copy has been served upon the attorney representing the defendant, or upon the defendant if he or she appeared without counsel. Service of such an order shall be complete upon mailing. A defendant appearing without counsel shall supply the court with his or her current mailing address. If the defendant fails to supply the court with a current and accurate mailing address, failure to receive a copy of the order granting or denying relief shall not be a ground for tolling the time in which an appeal must be taken.

 Wisconsin Stat. § 971.04(2) provides an exception for misdemeanor charges and is inapplicable to this case.

 Whether Alexander waived his right to be present at trial ultimately depends on whether he "voluntarily absent[ed] himself' from his trial as permitted by Wis. Stat. § 971.04(3). I am satisfied that Alexander did, in fact, voluntarily absent himself from the in-chambers conferences at issue here.

 In doing so, we drew support from the United States Supreme Court. State v. Anderson, 291 Wis. 2d 673, ¶ 38 n.13, ¶ 39 (citing United States v. Gagnon, 470 U.S. 522, 526 (1985) ("The constitutional right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, but we have recognized that this right is protected by the Due Process Clause in some situations where the defendant is not actually *362 confronting witnesses or evidence against him.") (citations omitted); Illinois v. Allen, 397 U.S. 337, 338 (1970)("One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial."). We also relied upon the United States Constitution, as well as the Wisconsin Constitution. Id. at ¶ 38 ("The constitutional right to be heard and confront witnesses appears in the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the Wisconsin Constitution." (footnotes omitted)).

 The majority's conclusion that State v. Burton must be overruled is based on a supposed conflict between Burton and May, that the majority cites, but does not explain. Considering the factual differences between these two cases, no conflict actually exists. In Burton, our holding that constitutional error occurred when the circuit judge communicated with a deliberating jury stems from our concern with the judge in that case repeatedly entering the jury room outside the presence of the defendant or defendant's counsel. A judge's presence in the jury room outside the defendant's presence could easily cause unfairness that would result in a violation of the defendant's due process rights.
In contrast, in May v. State, 97 Wis. 2d 175 (1980), while recognizing that an accused has the right under the Wisconsin Constitution and the United States Constitution to be present during her or her trial, we held that there was no reversible error when the judge communicated an answer to a question of law to a deliberating jury outside of the defendant's presence. In May, the judge simply communicated a yes or no answer to the jury by note and did not enter the jury room or communicate anything other than an answer to a question of law. Considering these factual distinctions, it is easy to see how this court found a constitutional violation in Burton, but not one in May.

 It should be noted that Anderson and May also do not conflict with one another. While Anderson dealt with communication between a judge and a deliberating jury regarding trial exhibits and testimony, May addressed a judge's communication with a deliberating jury when that communication related to a pure question of law.

 Snyder v. Massachusetts, 291 U.S. at 108.